D. and A. Rhodus vs. Commonwealth.

CASE 39—INDICTMENT—OCTOBER 4.

2du 159
98 637

# D. and A. Rhodus vs. Commonwealth.

### APPEAL FROM MADISON CIRCUIT COURT.

1. The Criminal Code dispenses with form, and requires substance only; and what is now substance at common law is substance under the Code.

2. An indictment charging that the defendants took and carried away "one lot of treasury notes, called greenbacks, the issue of the treasury of the United States of America, and one lot of Kentucky bank notes, and fifteen dollars in gold coin," is not good, because it does not sufficiently notify the defendant of the facts to be proved, nor describe the thing alleged to have been stolen.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

*Douglas Rhodus* and *Abner Rhodus,* convicted on a joint indictment for grand larceny, seek a reversal on the ground that the circuit court erred in overruling their motion in arrest of judgment for radical defects in the indictment. The indictment defines the imputed offense in the following words: " The said *Douglas Rhodus* and *Abner Rhodus,* on the 20th day of March, 1865, in the county aforesaid, did feloniously take and carry away *one lot of treasury notes, called greenbacks, the issue of the treasury of the United States of America, and one lot of Kentucky bank notes,* and *fifteen dollars in gold coin.*"

On the subject of indictments our Criminal Code recognized and established the modern common law, rightly understood and rationally applied. It dispenses with form and requires substance only. And what is now substance at common law is substance under the Code—and, that is, every fact necessary to constitute the specific crime charged—alleged with only such precision as—1st. To enable the court to see that, admitting the facts, it has jurisdiction, and that the imputed crime has been committed by the accused; 2d. To enable the accused to understand the precise charge, and, without surprise, to prepare for defense against the proof which may be admissible to sustain that specific charge; and 3d. To make the verdict and judgment certainly available as a bar to any subsequent prosecution for the same criminal act.

According to this test, the indictment in this case seems to us insufficient to authorize conviction.

"One *lot* of treasury notes," without any specification of denomination, number, or value, is too indefinite for the identification of the thing taken, or of *any part of it;* and "one lot of Kentucky bank notes," without even a specification of the bank, is still more indefinite.

Neither of these charges sufficiently notified the accused of the facts to be proved; and a conviction on either of them might not be availably pleaded in bar of another more specific indictment for the same offense. A minute description of all the treasury and bank notes might be impossible, and, therefore, is not required. But a nearer approach to it than this indictment makes, may be presumed to have been easy, and ought to be required. A specification of even one of the notes in each lot, so as to identify *it*, might be sufficient to answer the ends of the test just defined.

Nor can "fifteen dollars in gold coin," without any specification of the number of pieces, or of the character or identity of the coin, or of any portion of it, be deemed sufficient for all the purposes of the law.

As might be expected, there is some diversity on this subject in several of the State courts. But principle, analogy, and preponderating authority, incline decidedly in favor of our conclusion. As some confirmation of this, see Archbold's Notes, pages 353-4-5-6.

Without noticing any other objection to the indictment, we are of the opinion that the circuit court ought to have arrested judgment on the verdict of guilty, and erred in pronouncing sentence of conviction.

Wherefore, the judgment is reversed, and the cause remanded for the proper judgment according to the foregoing opinion.