CHIEF JUSTICE LINDSAY
eeliveree the opinion op the court.
The indictment charges that Jones committed the crime of grand larceny by feloniously stealing, taking, and carrying away “one twenty-dollar note and one ten-dollar note, both of said notes being of the United States currency commonly called greenbacks. Said notes are not and were not before the grand jury, and could not by said jury be had before it, because the whereabouts of said notes was not and could not be known to said jury; therefore said notes can not be more particularly described, either as to their date, number, or as to whether they belonged to the class technically called green or black backs. Said notes were and are of the value of four dollars and over,” etc.
The question presented on this appeal is whether the court below erred in overruling the appellant’s demurrer to this indictment.
Section 135, Criminal Code of Practice (Bullitt’s), provides that in an indictment for the larceny or embezzlement of money or United States currency or bank notes it is sufficient to allege *358 the larceny or embezzlement of the same without specifying the coin, number, denomination, or kind thereof.
This provision was adopted subsequent to the decision of the case of Rhodus v. Commonwealth (2 Duvall, 159).
The indictment in this case is as specific as the Code requires, and was properly held to be good.
Judgment affirmed.