*B. F. Camp, John Roberts, for appellee.*

---

## ROBERT JONES *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 2—68.]

**Criminal Law—Larceny.**

Where the owner of personalty is induced to part with the possession of his property by the fraudulent practices and tricks of the defendant, who intends, at the time he gets the possession, feloniously to convert it to his own use, the defendant is guilty of larceny; but it is not larceny where the owner parts with the title of his property, although he may be cheated out of such title.

### APPEAL FROM MARION CIRCUIT COURT.

December 18, 1880.

OPINION BY JUDGE HARGIS:

Where the owner parts with only the possession of property, which he is induced to do by the fraudulent practices of the defendant, who intends, at the time he obtains the possession, feloniously to convert the property to his own use, the defendant is guilty of larceny. It is true that where the owner parts with the

title to the property, although he may be cheated and defrauded out of the title by the person receiving it, the offense is not larceny.

In the case before us the testimony is that the accused approached Mr. Shadburn while he was sitting on the platform at the depot, and after entering into a conversation, asked him for change for a $20 bill. Shadburn put his hand in his pocket and drew out a $10 greenback and handed it to the accused and was proceeding to produce another when the accused ran off with the money. He pursued and caught the accused, but was compelled to let him go and take to flight himself by one Slaughter, who came up with a knife in his hand. The accused fled, and was afterward captured, tried and convicted of grand larceny.

From the judgment sentencing him to the penitentiary for the period of two years he prosecutes this appeal. His counsel contend that the title to the $10 greenback passed to the accused and that the offense, if any, was not larceny. The $10 greenback was parted with conditionally. The $20 bill was to be delivered by the accused at the time that he received the $10 greenback from Shadburn.

In *Reg. v. Cohen*, 5 Eng. L. & Eq. 545, the accused, bargaining with a trader for some waistcoats, said: "You must go to the lowest price, as it will be for ready money." The reply was: "Then you shall have them for 12 shillings," to which the accused assented and remarked that he would put them in his gig standing at the door. The trader replied, "Very well." He put them in the gig, drove off without paying for them, and was absent for two years. The jury found that the waistcoats were parted with conditionally, and that the owner only parted with the possession; and the judges held that he was rightly convicted of larceny.

The case of *Reg. v. Cohen* had more of the appearance of a purchase, and the possession was not violently obtained, as in the case before us. This case at least verges upon trespass. 2 Bishop on Crim. L. (7th ed.), Sec. 817, says: "Where one asked a boy in a shop to give him change for half a crown, presenting it to the boy, who touched it, but did not get hold of it; he was held, having received the change before he reached out the half-crown, to have committed larceny of the change." Many cases are cited in the note 4 to that section sustaining it. Where a person, not intending to part with his own money, pretends to wish to do so for the purpose of obtaining change, and thereby gets possession of and feloniously converts to his own use the money of another, he is guilty of larceny.

It follows from these views that there was no error in refusing to give instruction No. 4, asked by the counsel of the accused, as it contains the idea that if the delivery of the possession of the $10 greenback was voluntary the title passed to the accused.

The indictment describes the money as "ten dollars of United States currency," serial number and on what bank unknown, and the evidence showed that it was a "$10 greenback." We do not think there is any variance between the charge and evidence. Section 135, Criminal Code, provides that, "in an indictment for the larceny or embezzlement of money, or United States currency, or bank-notes, it is sufficient to allege the larceny or embezzlement of the same, without specifying the coin, number, denomination or kind thereof." This section was construed in *Jones v. Commonwealth*, 13 Bush 356.

The indictment does not give any other description of the money than ten dollars in United States currency; the rest of the indictment states what is unknown to the grand jury. There are no exceptions to the instructions given on motion of the commonwealth's attorney; hence they will not be considered.

Wherefore the judgment is *affirmed*.

*J. D. Fogle, T. S. Edelin,* for appellant.

*P. W. Hardin,* for appellee.

[Cited, *Miller v. Commonwealth*, 117 Ky. 80, 25 Ky. L. 1236, 1931, 77 S. W. 682, 79 S. W. 250.]