CASE 40.—PROSECUTION AGAINST I. BAILEY, SR., FOR EM-
BEZZLEMENT.—November 12.

# Bailey v. Commonwealth

Appeal from Hopkins Circuit Court.

J. F. GORDON, Circuit Judge.

Defendant convicted and appeals.—Reversed.

1.  Embezzlement — Indictment—Requisites.—Criminal· Code· of
    Practice, section 124, requires that an indictment be direct
    and certain as to the party and offense charged, the county
    where committed, and the particular circumstances thereof, if
    necessary, to constitute a complete offense; and section 135
    declares that it shall be sufficient to allege larceny or embez-
    zlement of money, without specifying the coin, number, or
    kind thereof. Held, That an indictment charging that defend-
    and, while treasurer, secretary, and general manager of a
    certain corporation, and instrusted with its money, chattels,
    and effects, embezzled and unlawfully and fraudulently con-
    verted to his own use, with intent to deprive the corporation of
    the same, its money, effects, and property, a more particular
    description of which is unknown to the grand jury, to the
    amount of $500, was sufficient to withstand a demurrer.
2.  Indictment and Information—Charges not Sufficiently Pleaded
    —Surplusage.—If an indictment is sufficient to withstand a
    demurrer as to all facts constituting a complete offense, other
    charges, not sufficiently pleaded to stand alone, may be
    regarded as surplusage.
3.  Indictment and Information—Circumstances of the Offense.—
    Under Criminal Code of Practice, section 124, requiring that
    an indictment shall be definite and certain as to the particu-
    lar circumstances of the offense charged, an allegation, in
    an indictment for embezzlement by a corporate officer, as to
    the effects and property of the corporation alleged to have
    been embezzled, not specifically described, should be disre·
    garded as surplusage.                                        •
4.  Embezzlement—Indictment—Construction.—An allegation in
    an indictment for embezzlement that defendant fraudulently

converted the money and property in question "to his own use and to the use of other persons," not ·described, should be limited to the inquiry as to conversion to defendant's own use.

5.  Embezzlement—Corporate 'Officer—Conversion to Use of Others—Indictment.—Under Ky. Stats., 1903, section 1202, authorizing conviction of a corporate officer for conversion of its property to the use of others, an indictment charging such offense must name the persons to whose use the property has been converted, or otherwise describe them, if unknown to the grand jury, so that they may be identified.

6.  Embezzlement—Elements of Offense—Time—Limitations.— There being no limitation against a prosecution of an officer of a corporation for embezzlement of its funds, which is a felony, time is not a necessary element of the offense, further than that the offense must have been committed before indictment found.

7.  Indictment and Information—Bill of Particulars.—Where an indictment for embezzlement, though sufficient to withstand a demurrer, contained a mere general charge and did not disclose the particular transaction which would be asserted against accused, his remedy was by application for a bill of particulars.

8.  Indictment and Information—Bill of Particulars—Requisites.— Where a bill of particulars is applied for in a criminal case, it should not be so loose as to constitute a drag net, so that accused may be surprised at the trial; nor is the Commonwealth required to specify exact dates, nor state circumstances with such absolute precision as may hamper it in presenting its case.

9.  Indictment and Information—Bill of Particulars—Discretion.— Whether a bill of particulars will be ordered in a criminal case rests in the sound judicial discretion of the trial judge.

10.  Criminal Law—Appeal—Review—Discretion—Bill of Particulars.—The discretion of a trial judge in ruling on an application for a· bill of particulars in a criminal case is reviewable, and subject to correction if abused.

11.  Criminal Law—Peremptory Instructions—Insufficiency of Evidence.—Where an indictment against an officer of a corpora· tion alleged embezzlement of its funds by a conversion thereof to his own use, but there was no evidence that he had ever benefited by any of the corporation's money, the court erred in refusing a peremptory instruction to find him not guilty.

12.  Indictment and Information—Acts Constituting Offense—Election.—Where, in a prosecution for embezzlement, the Com-

monwealth elected to rely on a specified transaction to secure a conviction, it should have been confined thereto.

13. Embezzlement—Corporate Officers—Elements of Offense.— Where defendant, as manager of a corporation, bought certain real estate for it through a real estate agent, the fact that he paid an alleged excessive price, in the absence of proof of a fraudulent purpose, or that accused benefited from the transaction at the expense of the corporation, was insufficient to sustain an indictment for embezzlement charging conversion of the corporation's funds to his own use.

14. Criminal Law—Evidence—Other Offenses.—In a prosecution of a corporate officer for a particular embezzlement alleged, letters written by him to the corporation's president, admitting other wrong-doing with reference to the corporation's affairs, were inadmissible under the rule that proof of other offenses is irrelevant, subject to an exception when such evidence shows the motive for the particular offense on trial.

JONSON & JENNINGS and WADDILL & DEMPSEY for appellant.

POINTS SUGGESTED.

1. The indictment is bad. It is too general and indefinite. It does not give notice to a man of common understanding of the particular charge he is required to meet. It is not direct and certain as "to the particular circumstances of the offense charged." (Crim. Code section 124.) As this court has time and again said, "The indictment should be sufficiently explicit to put the accused upon his defense as to the particular act he is called upon to defend."

2. The authorities agree that "an indictment for embezzlement should describe the property with such certainty as to identify it and give defendant full and fair information as to the charge and be a bar against another prosecution." (15 Cyc. 514.)

3. Again the indictment is invalid in charging generally that he embezzled the money as general managing officer and as a mere employed agent. The line of proof, of responsibility, and of defense is entirely diffeent in the two capacities, and the particulars should have been given. (Commonwealth v. Loving, 29 Ky. Law Rep.)

4. The court should have peremptorily instructed an acquittal under the evidence.

5. The instructions are erroneous and prejudicial.

6. There is much incompetent evidence in the record prejudicial to appellant.

JAMES BREATHITT, Attorney General, and THEO. B. BLAKEY, Assistant Attorney General, for Commonwealth.

RUBY LAFFOON of counsel.

As we understand the criminal law in Kentucky, neither this court nor any other court has the power or the authority under the law to determine the question of the guilt or innocence of the accused upon a felony charge. That question is within the exclusive jurisdiction of the trial jury. A jury that comes from the vicinage, the neighborhood and friends of the accused, the bone and sinew of the country, men who are not only acquainted with the accused, but also acquainted with the witnesses.

### POINTS AND AUTHORITIES.

1. Indictment good. (Ky. Stats., section 1202; Clark v. Commonweath, 97 Ky. 76; Commonwealth v. Kelley, 30 Ky. Law Rep. 1293; Commonwealth v. Smith, 26 Ky. Law Reu. 517.)

2. Proof sufficient. (Allison v. Commonwealth, 25 Ky. Law Rep. 32; Trumbo's Admx. v. Guiles & Co., 33 Ky. Law Rep. 415; Williamson v. Commonwealth, 31 Ky. Law Rep. 61; Patterson v. Commonwealth, 86 Ky. 313; Vowells v. Commonwealth, 83 Ky. 193.)

3. Testimony competent. (Oscher v. Commonwealth, 33 Ky. Law Rep. 119; Branson v. Commonwealth, 92 Ky. 330; Miller v. Commonwealth, 13 Bush, 735; Criminal Code, section 340; Rutherford v. Commonwealth, 78 Ky. 639.)

4. Instructions correct. (Slitzbaum v. Commonwealth, 26 Ky. Law Rep. 52.)

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR— Reversing.

This appeal is prosecuted from a conviction; the charge being embezzlement.

Appellant was, and for many years had been, treasurer, secretary, and general manager of the Reinecke Coal Company, a corporation whose place of business

was at Madisonville, Ky. The indictment, following substantially the Kentucky statute against the crime of embezzlement, charged that appellant, while such officer of the corporation named, and being instrusted with its money, chattels, and effects, had embezzled, and unlawfully and fraudulently converted to his own use, with intent to deprive that corporation of same, its money, effects, and property, a more particular description of which was unknown to the grand jury, to the amount of $500. A demurrer to the indictment was overruled. Appellant complains that the indictment was too vague and uncertain to apprise him of the particular offense charged and to put him on notice of what the Commonwealth would attempt at the trial to prove. While our Criminal Code of Practice requires the indictment to be direct and certain as to (1) the party charged, (2) the offense charged, (3) the county in which the offense was committed, and (4) the particular circumstances of the offense charged, if they be necessary to constitute a complete offense (section 124, Criminal Code of Practice), yet by section 135, Id., it is made sufficient to allege the larceny or embezzlement of money, without specifying the coin, or number, denomination, or kind thereof. Jones v. Commonwealth, 13 Bush 356; Travis v. Commonwealth, 96 Ky. 77, 27 S. W. 863, 16 Ky. Law Rep. 253. An indictment worded as this one is in its main features was held good in Schlitbaum v. Commonwealth, 80 S. W. 784, 26 Ky. Law Rep. 54. If an indictment contains sufficient to stand the test of a demurrer as to all facts constituting a complete offense, other charges which are not sufficiently pleaded to stand alone may be disregarded as surplusage. So that the charge in this indictment as to effects and property of the corporation alleged to have been

embezzled, because not specified or described so as to satisfy the requirements of the Code (section 124, supra), that the indictment shall be definite and certain as to the particular circumstances of the offense charged, may be disregarded as surplusage or immaterial matter.   Likewise the allegation in the indictment that appellant fraudulently converted the money and property "to his own use and to the use of other persons" should be limited to an inquiry as to the alleged conversion to his own use.   An indictment for embezzlement, charging a fraudulent conversion by the officer or agent of a corporation of its property to the use of others, which may be had under the statute (section 1202, Ky. Stats., 1903), must name the persons to whose use the property was so converted, or otherwise describe them, if unknown to the grand jury, so that they may be identified.   Hence the latter clause of the last quotation may also be regarded as surplusage.   It follows that the remainder of the indictment, charging appellant with having fraudulently, while an officer or agent of the corporation, having its money intrusted to his custody, converted $500 of its money to his own use, intending to deprive the owner of the same, is sufficiently definite to meet the requirements of good pleading.

It sometimes happens from the nature of the case, of which the one in hand may be a fair example, that even a good indictment may fail to particularize the acts relied upon as constituting the offense, so as to fully and fairly put the accused upon notice as to what will be attempted to be proved against him on the trial, so that he may be prepared to meet it with evidence.   There is no limitation against such prosecution for felony in this State.   Hence time is not a necessary element in the declaration, further than

that the offense was committed before the finding of the indictment. Appellant was treasurer, secretary, and general manager of the corporation for perhaps 20 years. In that time many thousands of dollars of the corporation's money passed through his hands. A general charge, such as is contained in this indictment, might afford him little or no clue as to the particular transaction which would be asserted against him in the evidence as criminal. Fair play, not to say a regard for that scrupulous care which the State ought to take, and which it does take, to afford one accused of a base crime every reasonable opportunity to face the particular transaction which the grand jury had investigated, and for which he is to be arraigned at the bar of the court, call for something more than a technically good indictment. But the way of reaching the matter is not by demurrer. A bill of particulars, in such case, is the proper practice; that is, a statement filed by the prosecution, in which it is indicated the particular circumstances intended to be relied on as constituting the offense, and to which it will be confined in the further progress of the case. It need not specify exact dates, nor with absolute precision such other circumstances as might hamper the Commonwealth in presenting its case; nor should it be so loose as to constitute a dragnet, in which forgotten, unsuspected acts might be brought to the surface, surprising the accused, and operating as a practical matter as unjustly as the most indefinite charge could. The accused should be put fairly upon notice. The Commonwealth should have reasonable latitude. The whole matters rests in the sound judicial discretion of the trial judge, and he will order it or not as the circumstances of each particular case may seem to warrant. Like other matters of judicial

discretion, his action is reviewable, and subject to correction if abused. Bishop's New Criminal Procedure, 3643; People v. John McKinney, 10 Mich. 54. But, as there was not a motion for a bill of particulars in this case, there was not an exercise of discretion in the matter by the trial court, and consequently no error in its ruling upon the demurrer.

At the conclusion of the evidence for the Commonwealth, the defendant moved for a peremptory instruction to the jury to find him not guilty, which was refused. This we think was error, for there was no evidence of his having converted any money of the corporation to his own use. At the close of all the evidence the motion was renewed, and again overruled. The Commonwealth had staked its case on a transaction in 1903, wherein appellant on behalf of his corporation had bought a tract of coal land in Hopkins county. It was shown that the vendor, one Brumley, had instructed a real estate agent to sell the land. The latter priced it to appellant for $3,300. Appellant bought it at that price, he claims. At least he paid the real estate agent that sum for it. He had no personal transaction with Brumley. The deed recites the consideration as $2,800. Brumley testified that he was paid only $2,800, of which he paid the real estate agent $50 for making the sale. The latter claims his agreement with Brumley was that the agent was to have for his commission all that he got for the land above $2,750. He admits that appellant paid him $3,300, and that he paid to Brumley only $2,750. Appellant directed the bookkeeper of the corporation to enter the purchase price on the company's books as $3,300. There was no evidence that appellant got a penny of the money. On the contrary, all the evidence was that he paid the real estate agent the whole

$3,300. It is claimed that he ought to have known, when he saw the deed, that he could have bought, and was in fact buying, the land for $2,800. But that is not material here. There is no evidence of any fraudulent purpose on the part of appellant in the matter, however improvident it may have later appeared. It was also shown that appellant some months later sold the surface of the land for $2,400 or $2,500, paying the same real estate agent $100 for making that sale. It is not claimed that the sale was not a wise step, or that appellant profited by it personally in any way. The whole of the purchase money was paid to the company. But it is intimated that the real estate man was allowed to make too much out of the transaction. However that was, there being no evidence of fraud in it on appellant's part, it was not embezzlement to the use of another, even though that other had been named in the indictment. But, as we have seen, the indictment did not put appellant on trial for such a charge, and the Commonwealth, having elected to rely upon the main Brumley transaction as that upon which it expected a conviction, should have been confined to it.

Certain letters written to C. Reinecke, who was president and principal stockholder of the corporation, written by appellant before the indictment in this case and while he was at a sanitarium at Battle Creek, Mich., suffering from a nervous breakdown, were introduced as evidence against him. They admitted wrongdoing on his part, including the taking of money from Reinecke by appellant in the past; but they did not allude in terms or by necessary implication to the transaction now under investigation, nor did they either allude to any funds of the coal corporation. That they were written concerning the coal

company's affairs (but not this one), appellant, while testifying in his own behalf, was forced by the court to admit. That was error, as was the introduction of the letters. Proof that one has committed other offenses is not relevant to establish that he is guilty of a distinct, though similar offense. An exception is, when the evidence of the other offenses will show motive for the particular one for which he is being tried, the former may be proved. But such was not the purport of this evidence, and such could not have been its natural or legal effect. We think the letters were incompetent on this trial.

So far as this record discloses, the transaction under investigation is really a dispute between Brumley and his agent, in which neither appellant nor the coal corporation appear to be now concerned.

Judgment reversed, and remanded for a new trial under proceedings not inconsistent herewith.

Judge Nunn not sitting.