## Boyd v. Commonwealth.

(Decided December 14, 1910.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Accomplice in Felony Case.—An accomplice in a felony case is one of several equally concerned in the commission of the felony, or one connected in some way with the crime charged.

2. Same—Buying Lottery Ticket—Indictment—Trial—Witness—Competency—Statutory Provisions.—While one may be indicted for buying a lottery ticket, under Ky. St., section 2575, under section 2579, Ky. St., a buyer of a lottery ticket or any device in the nature of a lottery ticket, shall be a competent witness in any prosecution against the seller, and it shall be no exemption to said buyer that his testimony may criminate himself, but no such testimony given by the witness shall be used against him in any prosecution except for perjury, and he shall be discharged from all liability for any offense so necessarily disclosed in his testimony.

L. ROSENFIELD and KOHN, BAIRD, SLOSS & KOHN for appellant.

JAMES BREATHITT, Attorney General, and TOM B. McGREGOR, Asst. Attorney General, for Commonwealth.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant, Alice Boyd, was indicted by virtue of that part of section 2573, Kentucky Statutes, which makes it a felony to write, print, sell, vend, barter, exchange, dispose of, furnish, supply, procure and cause to be supplied, etc., lottery tickets or gift enterprise wherein money or other things of value were disposed of or pretended to be disposed of. She was convicted on a trial and given the lowest penalty, two years in the penitentiary and a $500 fine.

Appellant asks a reversal for three reasons: First,

because there was not sufficient evidence to authorize a conviction, and her motion for a peremptory instruction should have been sustained. Second, because incompetent evidence was introduced by the Commonwealth which was prejudicial to appellant. Third, because the court erred in its instructions to the jury, in giving erroneous instructions and in failing to instruct the jury on the whole law of the case. To dispose of these grounds, it is necessary to make a statement of the substance of the evidence. One Jennie Doherty testified that she desired to play the lottery, and for that purpose had her daughter make two rows of numbers on a white slip of paper which she carried to the room of appellant on Ninth street, in Louisville, Ky., and handed it to her with ten cents, five cents for each row of numbers; that appellant took the numbers and classified them by writing the same numbers on a piece of paper and placing just above them, in green, "A. M. 51," enclosed with a circle, and appellant's slip of paper was then returned to her with this classification. One O'Herr, a policeman, testified that he saw Jennie Doherty coming from appellant's room, and she agreed to place a risk for him and one for herself; that he thereupon wrote two rows of numbers for himself and she wrote two for herself; that she took the four rows of numbers with twenty cents furnished by him and returned to appellant's room the next day and had them classified as were the others; that on the afternoon of the day his numbers were classified he and another policeman arrested appellant in her room where they found lottery paraphernalia and numbers corresponding with the classification and numbers returned to him. All the witnesses testified that when a person got what is called a "gig" they won, that is three of the numbers they selected in a row together. We gather from the evidence that the drawing was done in Jeffersonville, Indiana. Appellant received the money and classified the numbers, or tickets, and gave them back to the parties. Appellant denied any connection with or knowledge of the drawing. She admitted that she knew Jennie Doherty and that she came to her for lottery tickets, but stated that she refused her and told her that she had nothing to do with the lottery. We gather from the testimony that appellant stands pretty well for truth and that Jennie Doherty's reputation is regarded as bad. We concede that we would have rendered a different verdict if the testimony of the two

women alone was all that was to be considered; but Jennie Doherty's testimony is supported by the evidence of O'Herr, who testified that he sent two tickets which were returned to him classified as before stated, and that when he and the other policeman arrested appellant they found the same figures and the same marks in her room. The court properly refused a peremptory instruction under this testimony.

Appellant's second complaint is that O'Herr's testimony was incompetent and prejudicial to her. O'Herr did not detail any conversation that took place between him and Jennie Doherty, but testified as to what he knew of the slip of paper and the figures which was returned to him and as to what he and the other policeman found in appellant's room.

The instructions of the court were not prejudicial to appellant; they followed the statute and indictment. It would have been better, possibly, if the court had confined the instructions to the facts proved and singled out the words "sell, procure for and classify a writing or paper" and delivered it to Jennie Doherty and received the money therefor. But the instructions, as given, did not hurt appellant.

Appellant also contends that the court erred in giving an instruction as provided in section 241, Criminal Code, to the effect that a conviction cannot be had upon the testimony of an accomplice. That section of the Code has no application to this case. An accomplice is one of several equally concerned in the commission of a felony, or one connected in some way with the crime charged. Jennie Doherty was guilty under section 2575, of the Statutes, for buying a lottery ticket. She was in nowise guilty under section 2573, which prescribed appellant's offense and punishment, and Jennie Doherty was made a competent witness by section 2579, and she was not an accomplice.

For these reasons, the judgment of the lower court is affirmed.