## Cheek v. Commonwealth.

(Decided January 7, 1915.)

### Appeal from McCracken Circuit Court.

1. Criminal Law—Indictment—Sufficiency on Appeal.—Where an indictment charging a public offense is not demurred to, and no motion in arrest of judgment is made in the court below, its sufficiency can not be raised for the first time on appeal.

2. Criminal Law—Instructions—Grounds for New Trial.—Errors in instructions given in a criminal case can not be considered on appeal unless included in the motion and grounds for a new trial.

3. Criminal Law—Burglary—Evidence—Sufficiency.—On a prosecution for burglary, evidence considered and held sufficient to sustain a conviction.

HENDRICKS & NICHOLS for appellant.

JAMES GARNETT, Attorney General, and ROBERT T. CALDWELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Street Cheek was convicted of burglary and appeals.

The only grounds assigned for a new trial in the court below are: (1) the verdict is against the evidence, and (2) the verdict is against the law.

It is insisted here that the indictment is insufficient and that the instructions are erroneous.

The indictment charges a public offense. It is merely insisted that the offense is imperfectly pleaded. The indictment was not demurred to, nor was there any motion to arrest the judgment. That being true, the sufficiency of the indictment cannot be considered when raised for the first time in this court. Baldridge v. Commonwealth, 28 Ky. L. R., 33.

Error in the instructions was not assigned as ground for a new trial. While it is true that it is not necessary to except to instructions in a criminal case in order to question their sufficiency, for the reason that it is the duty of the trial court to give correctly all the law of the case, yet it is equally well settled that errors in the instructions will not be considered on appeal unless relied on as a ground for new trial. Buckles v. Commonwealth, 113 Ky., 799; Commonwealth v. Thompson, 122 Ky., 501.

The only question remaining is, whether or not the verdict is flagrantly against the evidence. The facts developed by the evidence for the Commonwealth are as follows:

Early one morning in September, 1914, Miss Rosa Lee Petter, who, together with her father, occupied a residence in Paducah, was awakened by a noise in the room. She saw the figure of a man, and called to her father that there was a man in the house. Her father responded to the call. He heard the man running down the steps, and heard him come in contact with a large pedestal, which sounded like the whole house was coming down. They were unable to recognize the intruder. The sash and screen of one of the windows were raised. They found tracks near the window leading out through the yard to an alley. About five o'clock on the same morning appellant was arrested at his home on some minor charge. Appellant was in the back room and lying on a cot with no cover over him. When the burglary was reported to the chief of police, he removed the shoes of appellant and took them to the scene of the alleged crime. The shoes fitted the track near the window, and also the other tracks, with the exception that the tracks were about one-eighth of an inch longer. The shoes were run down at the heel, and the tracks indicated this condition. The tracks also showed the nail holes in the rubber heels. The holes in the tracks corresponded with the holes in the heels. Near the side of the house they had been unloading some coal. The tracks appeared very plain in the coal dust. These tracks corresponded to the shoes in every respect, with the exception that they were one-eighth of an inch longer.

Defendant testified that he never left his room, but remained there all night. He also proved by others that he was there during the entire night, though the evidence shows that he might have gone out without the others knowing it.

While it is true that appellant was not identified, and no property belonging in the house was found on him, we cannot say that the verdict is flagrantly against the evidence. The heels of the appellant's shoes were run down. This condition appeared from the tracks. The impression in the tracks corresponded to the nails and the holes in the shoes. The jury heard this evidence and observed appellant's demeanor while on the stand, and

they were therefore in a better position than we are to pass on the question of his guilt.

Finding no error in the record prejudicial to the substantial rights of appellant, the judgment is affirmed.