## Bartholomew v. Commonwealth.

(Decided February 8, 1924.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Intoxicating Liquors—Evidence Sufficient to Take Case to Jury and Support Verdict.—In a prosecution for sale of intoxicating liquor, evidence held to warrant the court in submitting the case to the jury and to support verdict of guilty.

2. Criminal Law—Evidence of Infant Purchasing Whiskey and Officer Held Admissible.—In a prosecution for sale of intoxicating liquor, that officers in violation of law engaged an infant 19 years of age and supplied him with money to purchase liquor from accused, and thus entrap him into a violation of the law, did not render inadmissible the evidence of an officer present at the sale to the infant, on the ground that the act of the public officers was a public offense within itself.

3. Criminal Law—Credibility of Witnesses for Jury.—The credibility of the witnesses testifying for the Commonwealth was for the

jury, and it had the right to rely upon their testimony and to disregard that of accused and his witness.

4.    Criminal Law—Verdict of Jury on Conflicting Evidence Not Disturbed.—Where the evidence is conflicting, the jury must exercise its prerogative, and when it does so its verdict will not be disturbed if there is evidence sufficient to warrant the verdict.

ROSCOE CONKLING for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellant Bartholomew complains of a judgment of conviction of selling intoxicating liquors, fixing his punishment at a fine of $100.00 and confinement in the county jail for thirty days, and insists that it should be reversed because, as he says, the evidence does not support the verdict, and further that the evidence for the Commonwealth was given by witnesses whose standing and integrity did not warrant the jury to give weight to their testimony.    It is also stated in the brief of appellant that since the trial of the case he has discovered another witness who would have testified for him as to the facts in this case, but he admits the evidence would have been cumulative.    The evidence is rather lengthy for a case of this character.    The Commonwealth called as its first witness, officer Joe McGregor, who testified in substance that he on February 6, 1923, at about 7:25 p. m., was in the soft drink stand and restaurant of appellant Bartholomew, at 1556 West Oak street, Louisville, Jefferson county, when the witness Perkins came into the place and asked for a ham sandwich, whereupon appellant went into a back room, used as a part of the dwelling house, and came out with a half-pint of moonshine whiskey which he delivered to the witness Perkins, who in turn gave appellant one ($1) dollar in money; that thereafter he arrested both Perkins and appellant and obtained the half-pint of liquor which he produced at the trial, and which was shown by analysis to be intoxicating.    Perkins also testified to the purchase of the liquor at the same time and place.    While there was some slight discrepancy between the evidence of the officer and that of Perkins about collateral matters, their evidence upon the whole was substantially the same.    Appellant Bartholomew denied the sale.    In fact he denied the whole transaction,

except he admitted he was arrested by the officer at the time and place mentioned and that Perkins was also arrested. The evidence certainly warranted the court in submitting the case to the jury and was entirely sufficient to support the verdict. It is stated for appellant in brief of his counsel that the witness Perkins was only about nineteen years of age (19) and that the officers in violation of the law engaged Perkins and supplied him with money to purchase the liquor from appellant and thus entrap him into a violation of law; that this was a public offense within itself inasmuch as Perkins was less than twenty-one (21) years of age, and for this reason the evidence of the officer and Perkins should not be accepted. This argument is not logical nor persuasive. The credibility of the witnesses testifying for the Commonwealth was for the jury. It had the right to rely upon their testimony and to disregard that of the appellant and his witness. In every case where the evidence is conflicting the jury must exercise its prerogative and when it does so its verdict will not be disturbed if there was evidence sufficient to support the verdict, as there was in this case, even though there was evidence to the contrary, or the credibility of the witnesses was challenged.

Finding no error to the prejudice of the substantial rights of appellant, the judgment is affirmed.

Judgment affirmed.