## Hopper v. Commonwealth.

(Decided Sept. 26, 1933.)

H. H. OWENS for appellant.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This appeal requires a review of a trial before a jury of David Hopper for the crime of "feloniously receiving stolen property of the value of about $400," which resulted in his conviction and the fixing of his punishment at one year in the state reformatory. His grounds of reversal are that (a) the indictment is defective; (b) the verdict is not sustained by the evidence; and (c) the court failed to instruct the jury properly.

The descriptive portion of the indictment charges the accused with receiving from "Ernest Chadwell and Eugene Hammack, of the value of about $400, the personal property of the Cook-Sipple Motor Company, an individual, Charlie Cook, doing business in the firm name of the Cook-Sipple Motor Company at London, in Laurel County, Ky."

He contends that this description of the property is too general and indefinite, but he admits that the

indictment otherwise is sufficient. No demurrer was filed to it. No motion for a bill of particulars was entered. Without objecting, in any form, to the indictment, he entered a plea of not guilty. He insists that it was the duty of the court, sua sponte, to sustain a demurrer to the indictment, and, the court having failed to do so, he is entitled to a reversal.

If the description in the indictment of the stolen property was conceived by the accused to be too general and indefinite, in that it failed to particularly describe or name the articles averred to have been stolen by Chadwell and Hammack, and feloniously received by him, the way of reaching the defect was not by a demurrer but by a bill of particulars, which is the proper practice in such cases. Bailey v. Com., 130 Ky. 301, 113 S. W. 140; Parrish v. Com., 136 Ky. 77, 123 S. W. 339; Clary v. Com., 163 Ky. 48, 173 S. W. 171.

No indictment is insufficient, nor can the trial, the judgment, or the proceeding thereon be affected by any defect which does not tend to prejudice the substantial rights of the defendant on the merits. Cr. Code Prac., sec. 353; Com. v. Macgowan, 1 Metc. 368, 71 Am. Dec. 480; Reed v. Com., 7 Bush, 641; Bishop's Criminal Procedure, Vol. 2 (3rd Ed.) sec. 718; McBride v. Com., 13 Bush, 337; Hall v. Com., 21 S. W. 353, 14 Ky. Law Rep. 731; Jones v. Com., 13 Bush, 356; Travis v. Com., 96 Ky. 77, 27 S. W. 863, 16 Ky. Law Rep. 253; Rhodus v. Com., 2 Duv. 159; Com. v. McGarvey, 158 Ky. 574, 165 S. W. 973; Bell v. Com., 222 Ky. 89, 300 S. W. 365; Bibb v. Com., 112 S. W. 401, 33 Ky. Law Rep. 726.

In McBride v. Com., supra, the indictment charged that the accused "feloniously took a horse, the personal property of another," naming him. It was held that it was sufficiently specific and descriptive of the act constituting the offense. See Cr. Code Prac., sec. 128; Bell v. Com., supra. In such case the offense may be sufficiently described by naming the owner or by describing the property with such certainty as to identify the act, and, when the property is identified in the indictment by such minute description, whether it is charged to belong to the one named in the indictment or to another person, is immaterial, if the prop-

erty described is in fact that which was stolen. See cases, supra.

The accepted rule is, that if the indictment states a public offense the objection to the sufficiency of it, as here presented by the accused, cannot be raised for the first time in this court. Baldridge v. Com., 88 S. W. 1076, 28 Ky. Law Rep. 33; Cheek v. Com., 162 Ky. 56, 171 S. W. 998; Daniels v. Com., 181 Ky. 365, 205 S. W. 968; Hawks v. Com., 197 Ky. 196, 246 S. W. 116; Rogers v. Com., 188 Ky. 817, 224 S. W. 348; Bailey v. Com., 198 Ky. 629, 249 S. W. 779.

In Rogers v. Com., supra, it was stated that the accused could not complain because the indictment charging the stealing of chickens was defective for failure to specify the number of chickens stolen and the value, where he had not objected below to the indictment by demurrer or otherwise. In Bailey v. Com., the indictment stated a public offense, and it was held that its technical insufficiency could not be considered on appeal, where no demurrer was filed to it and the question of its sufficiency was raised only on motion and grounds for a new trial. The rule is otherwise where the indictment fails to charge an offense known to the law. In such case this court will on an appeal reverse a judgment of conviction, though the invalidity of the indictment escaped the attention of the lower court, and the defendant himself failed to challenge its suffiiciency. Morgan v. Com., 202 Ky. 211, 259 S. W. 46; Pierce v. Com., 210 Ky. 465, 276 S. W. 135; English v. Com., 216 Ky. 608, 288 S. W. 320. The defect claimed and pointed out in the indictment in the present case does not bring it within the rule of practice stated in the last three cases.

Without detailing the evidence, it may be safely stated that the evidence in behalf of the commonwealth as well as that of the accused is suffcient to support the verdict in favor of either. The jury accepted that of the commonwealth. They were the triers of the facts. This court will not usurp the jury's functions. Wood v. Com., 229 Ky 459, 17 S. W. (2d) 443. Only where the verdict is contrary to the evidence, i. e., it shocks the conscience or is flagrantly against the evidence, or is without support of any evidence, will this court interfere. Mullins v. Com., 230 Ky. 624, 20 S. W. (2d) 442; Maggard v. Com., 232 Ky. 10, 22 S. W.

(2d) 298. A conviction on conflicting evidence will not be disturbed by this court unless some prejudicial error was committed in the conduct of the trial. Bartholomew v. Com., 201 Ky. 849, 258 S. W. 677; Epling v. Com., 233 Ky. 407, 25 S. W. (2d) 1022. Where the sole question is the credibility of the witnesses, as in the present case, it is the exclusive province of the jury to reconcile the conflicting evidence. And this court will not disturb the verdict because the jury believed one set of witnesses as against another. Conners v. Com., 152 Ky. 57, 153 S. W. 16; Stewart v. Com., 225 Ky. 731, 9 S. W. (2d) 1087; Owens v. Com., 231 Ky. 479, 21 S. W. (2d) 809.

Chadwell and Hammack in their testimony admitted the stealing of the property of the Cook-Sipple Motor Company, and declared in their testimony, before the jury, they delivered it to the accused, and that he had paid them for it, $35, knowing it had been stolen by them. Their confessions out of court were not admitted as evidence. Their testimony in open court is in no sense a confession within the meaning of this term. Powers v. Com., 114 Ky. 237, 70 S. W. 644, 1050, 71 S. W. 494, 24 Ky. Law Rep. 1007, 1186, 1350; Simpson v. Com., 126 Ky. 441, 103 S. W. 332, 31 Ky. Law Rep. 769. Hopper and the witnesses in his behalf, by their testimony, completely exculpate him. Evidence both attacking and sustaining the general character of the accused and his witnesses was heard by the jury. On appropriate instructions the jury determined he was guilty. This court is without authority, in such cases, to reverse its finding of facts.

It is argued that Chadwell and Hammack are confessed thieves, and that this court should disregard their testimony, accept that of the accused and his witnesses, and reverse on the grounds of insufficiency of the evidence. Adhering to the rules reiterated herein, we are forbidden thus to afford the accused the relief urged. Hopper's insistence that the court failed to properly instruct the jury is based on the argument that Chadwell and Hammack are accomplices within this term as it is used in section 241 of the Criminal Code of Practice. The rule as to who is an accomplice within the meaning of section 241 of the Criminal Code of Practice was quoted from 1 R. C. L. 158, by this court in Baker v. Com., 212 Ky. 50, 278 S. W. 163, 165:

410

"In order to constitute one an accomplice, he must knowingly, voluntarily, and with common intent with the principal offender unite in the commission of the crime. One may become an accomplice by being present and joining in the criminal act, by aiding and abetting another in its commission, or, not being present, by advising and encouraging in its commission; but knowledge and voluntary action are essential in order to impute guilt."

An illustrative example is the case of Grady v. Com., 237 Ky. 156, 35 S. W. (2d) 12. The rule applicable in the present case is stated in Solomon v. Com., 208 Ky. 184, 270 S. W. 780; Barry v. Com., 212 Ky. 778, 280 S. W. 118, and Cole v. Com., 246 Ky. 149, 54 S. W. (2d) 674, 675. As was stated in Cole v. Com.:

"It is well settled that except under certain special circumstances present in the case of Grady v. Com., 237 Ky. 156, 35 S. W. (2d) 12, but not so here, the thief and the receiver of the stolen property are not accomplices."

This rule eliminates Hopper's insistence that the court erred in failing to instruct the jury in the language of section 241, Criminal Code of Practice.

Wherefore the judgment is affirmed.