## Tartar v. Commonwealth.

(Decided June 10, 1938.)

R. C. TARTAR and DAN E. COOPER for appellant.

HUBERT MEREDITH, Attorney General, and W. OWEN KEL-LER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Kenneth Tartar, Ansel Tartar and Virgil Hansford were charged by indictment returned Sept. 22, 1937, with breaking and entering the storehouse of the Gulf Refining Company on Columbia Street in Somerset, Kentucky, with felonious intent to take, steal and carry away therefrom articles of value. See Section 1164, Kentucky Statutes.

Upon his separate trial Sept. 29, 1937, Kenneth Tartar was convicted, his punishment fixed at 3 years in the penitentiary, his motion and ground for a new trial were overruled and he has appealed.

### The Facts.

During the night following Thursday, Aug. 26, 1937, someone broke a pane of glass out of one of the windows of this storehouse, raised the window, entered this storehouse and took therefrom seven 32″ x 6″ Goodrich truck tires of the total value of $248.48.

These three men all left town that night and search was begun for them and the tires. In a short time Virgil Hansford was arrested at some point in Indiana. He then had three of these tires and was endeavoring to sell them. He said he had sold the other four to Riley Carroll of Corbin, Kentucky, for $52. He testified he had bought these 7 tires from Kenneth Tartar and

Ansel Tartar on the Fair Grounds at Somerset, Kentucky, during the night mentioned and had paid them $65 for them. All the tires were recovered.

At that time a street fair was going on in Somerset, Kentucky. Mr. J. E. Clements was engaged as a watchman and was on the Fair Grounds directing the traffic, the parking of the cars and looking over the grounds. His wife and his daughter, Ola Clements, were at the fair. They were seated in an automobile belonging to Virgil Hansford. Mr. Clements testified that he was standing near them when Kenneth and Ansel Tartar came up and stated they had 7 truck tires that they wanted to sell and priced them to Hansford for $65. Hansford asked them some questions about the tires and the Tartars assured him that they were all right and Hansford told them that he would meet them at the Greek restaurant after he had taken the Clements family home. The testimony of Miss Ola is about the same as that of her father, but the testimony of Mrs. Clements is rather meager. She paid scant attention to the conversation.

When it was discovered, the next morning, that the storehouse had been broken into, Hansford and the two Tartars were gone. Their absence and their previous criminal records at once directed suspicion toward them. It was learned that the Tartars had been seen at or near this storehouse the night before. Several witnesses testified to seeing the Tartars at the Greek restaurant and to seeing Hansford in his automobile outside this restaurant shortly after 12 o'clock.

### The Grounds for Reversal.

Kenneth Tartar contends there was not sufficient evidence to sustain his conviction. He and Ansel Tartar, both deny breaking into this storehouse or selling any tires to Hansford. They explain their suddenly acquired wealth by saying that on the night before Kenneth Tartar had engaged in a crap game and had been successful, and it was by the money so won that their trip to Cincinnati had been financed, and that they had gone to Cincinnati in search of work.

Kenneth Tartar insists he was convicted on the evidence of Hansford and that Hansford was an accomplice and his evidence was not sufficiently corroborated. One does not become an accomplice by merely being

jointly charged with another in the commission of a crime. See Oder v. Com., 195 Ky. 651, 243 S. W. 877; Nicoll v. Com., 169 Ky. 491, 184 S. W. 386; Sizemore v. Com., 6 S. W. 123, 10 Ky. Law Rep. 1; Boyd v. Com., 141 Ky. 247, 132 S. W. 423; Levering v. Com., 132 Ky. 666, 117 S. W. 253, 255, 136 .Am. St. Rep. 192, 19 Ann. Cas. 140.

To make one an accomplice the evidence must show he in some way participated in the crime for which the defendant is on trial. The defendant here was being tried for breaking into this storehouse. Neither he nor Ansel Tartar testify they had any part in that breaking. The only evidence that Hansford had anything to do with this breaking is that the recently stolen tires were found in his possession. The jury may have believed he bought these tires just as he says he did, and that he had nothing to do with this breaking. As to Hansford, this evidence makes his crime to appear to be that of knowingly receiving stolen property. There was no evidence on this trial to show Hansford had anything to do with this breaking, hence he was not an accomplice.

### The Motion for a Directed Verdict.

Kenneth Tartar is contending that the court erred in overruling his motion for a directed acquittal made at the close of the Commonwealth's evidence and renewed at the close of all the evidence. The basis of this contention is that the indictment charged him with breaking into a storehouse of the Gulf Refining Company, and that there was no evidence that the Gulf Refining Company owned this storehouse. The evidence does not disclose who owns this storehouse, or who had it rented. It is merely described as the storehouse of the Gulf Refining Company. Mr. W. H. Ramsey testified that 'he was the distributor of the products of the Gulf Refining Company, and that his place of business was broken into. The question of who owned this storehouse, or who had it rented, or who owned the goods in it, is not of vital importance. See Section 128 of the Criminal Code of Practice. The court did not err in overruling defendant's motion for a directed verdict.

It was shown by the witness Virgil Hodges that he had a conversation with Virgil Hansford in which he asked him to see Ansel Tartar and tell him, "that if he

would slip off and come over and help him (Hansford) in this trial that he and Ansel both would get out of it, and that all Ramsey wanted was to convict Kenneth Tartar." We can see nothing in that evidence that would justify the court in directing the acquittal of Kenneth Tartar. Ramsey is not the complainant, it is the Commonwealth that is complaining.

### The Instructions.

The defendant complains of instruction No. 1. His complaint is that it is not shown that these tires were the property of the Gulf Refining Company. That was not necessary. All that was necessary was to show that these tires were articles of value taken from this storehouse by breaking into it, and that was shown. The ownership of the property involved is of no importance. The crime consisted of breaking into a storehouse and taking therefrom articles of value.

### The Breaking.

The defendant contends there was not sufficient evidence of this breaking and about all the evidence we have is that of Mr. Ramsey who says that a pane of glass was broken out, the window raised and the tires taken. That was enough. The ownership of the storehouse or that of the tires was not involved. See Patton v. Com., 273 Ky. 258, 116 S. W. (2d) 311.

### The Verdict.

One of the grounds for a new trial is:

"No verdict was returned as provided by law signed by a member of the Jury."

The record shows this occurred:

"After conclusion of all testimony, instruction of the Court and argument of counsel, the jury retired to consider a verdict, and later returned into open court and announced they had a verdict, the attorneys for both plaintiff and defendant were absent from the court-room. Thereupon the Clerk called the roll of the jury, all answering present, thereupon the Foreman read the verdict of the Jury as follows: 'We, the jury find the defendant guilty, and fix his punishment at three years in the State Penitentiary,' and after reading same the roll of the Jury was again called and each member of the

Jury answered, 'my verdict.' Defendant thereupon remanded to jail to await the sentence of the court."

This verdict presents two alleged irregularities: (a) It does not appear to have been signed by anyone, (b) it was returned in the absence of counsel for defendant. As to irregularity (a) the answer is found in this which is copied from the opinion in Turner v. Com., 209 Ky. 272, 272 S. W. 726, 727:

"Section 325 of the Civil Code requires verdicts to be in writing and signed, but this provision is not carried into the criminal code. As to the latter it is provided: 'When a jury have agreed upon their verdict, they must be conducted into court by the officer having them in charge, their names called by the clerk, and, if they all appear, their foreman must declare their verdict.' Section 255. * * * At common law it was not essential to the validity of a verdict that it should be in writing or signed. 16 C. J. Title, Criminal Law, sections 2581, 2582, and cases cited."

As to (b) the rule is thus stated in 16 C. J. page 1178, Sec. 2705:

"The absence of counsel for defendant when the jury render their verdict is not ground for a new trial unless the jury are not polled by reason of such absence, and the objection may be waived."

We have been unable to find any case in Kentucky on this point. In Penn v. State, 62 Miss. 450, that court in affirming a death sentence said:

"It is regrettable that the prisoner's counsel were not present when the verdict was received, but as the jury was polled, and counsel could not have had anything more than that done if present, it cannot be said that any harm resulted from the absence of the counsel."

In State v. Jones, 91 N. C. 654, that court in affirming that judgment said:

"It was not essential to the validity of the verdict that the jury be polled. It was perfectly competent for the court to receive and enter the verdict in the absence of counsel, the defendant being

present. A verdict thus rendered was neither void nor irregular. It was in all respects regular, and hence, it lay entirely in the discretion of the court to determine whether or not for such cause, it would set the verdict aside and direct a new trial.''

In Frank v. State, 142 Ga. 741, 83 S. E. 645, L. R. A. 1915D, 817, it was agreed neither counsel or defendant should be present when verdict was returned. Still their absence was made a ground for a new trial. The court affirmed a death penalty and the U. S. Supreme Court denied a writ of error. Ex parte Frank, 235 U. S. 694, 35 S. Ct. 208, 59 L. Ed. 429. The court did not err in the case before us in denying a new trial because defendant's counsel was not present when verdict was received.

## The Indictment.

The appellant's brief contains this:

"In the case at bar we have a total absence of a description of property alleged in the indictment to have been taken and a misdescription of the name of party alleged to have been injured. It contains no description of the acts involved or the property taken by which the prosecution could be identified sufficiently to bar the prosecution of another indictment by W. H. Ramsey, or to place the defendant on notice of the charge against him. Our contention is manifestly so sound and so fully sustained by law, that we feel that any extended argument and citation of authorities is really unnecessary.''

The appellant had not demurred to this indictment nor had he asked for a bill of particulars which is the better way for him to have proceeded. See Hopper v. Com., 250 Ky. 405, 63 S. W. (2d) 467; Bass v. Com., 222 Ky. 310. 300 S. W. 866; Milburn v. Com., 204 Ky. 691, 265 S. W. 25; Overstreet v. Com., 147 Ky. 471, 144 S. W. 751; Bailey v. Com., 130 Ky. 301, 113 S. W. 140.

We regard this which is copied from the opinion in Hopper v. Com., 250 Ky. 405, 63 S. W. (2d) 467, as a complete answer to his attack on this indictment (page 468):

"He contends that this description of the property is too general and indefinite, but he admits that

the indictment otherwise is sufficient. No demurrer was filed to it. No motion for a bill of particulars was entered. Without objecting, in any form, to the indictment, he entered a plea of not guilty. He insists that it was the duty of the court, sua sponte, to sustain a demurrer to the indictment, and, the court having failed to do so, he is entitled to a reversal.

"If the description in the indictment of the stolen property was conceived by the accused to be too general and indefinite, in that it failed to particularly describe or name the articles averred to have been stolen by Chadwell and Hammack, and feloniously received by him, the way of reaching the defect was not by a demurrer but by a bill of particulars, which is the proper practice in such cases. Bailey v. Com., 130 Ky. 301, 113 S. W. 140; Parrish v. Com., 136 Ky. 77, 123 S. W. 339; Clary v. Com., 163 Ky. 48, 173 S. W. 171."

Finding no prejudicial errors in the record, the judgment is affirmed.