## Helton v. Commonwealth.

(Decided Sept. 30, 1938.)

698

J. C. BAKER and E. H. JOHNSON for appellant.
HUBERT MEREDITH, Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Bill Helton has been convicted of false swearing. His punishment was fixed at two years confinement in the penitentiary and he has appealed. The November election in Harlan County, in the year 1937, was followed by four election contests styled as follows: Clinton C. Ball v. Herbert C. Cawood; Clarence Poer v. Ben Middleton; L. C. Wall v. Bert O. Howard; Gilbert Blanton v. R. L. Farmer. All these cases were heard together in the Harlan Circuit Court. The trial court found no legal election has been held and therefollowed appeals to this court by three of the contestees, to-wit: Ben Middleton v. Clarence Poer; Herbert C. Cawood v. Clinton C. Ball; Bert O. Howard v. L. C. Wall. These appeals were prosecuted upon one record; the appeals were heard together and resulted in affirmance of the judgments. See Middleton v. Poer, ... Ky. ..., ... S. W. (2d) ...; Cawood v. Ball, ... Ky. ..., ... S. W. (2d) ...; Howard v. Wall, ... Ky. ..., ... S. W. (2d) ....

On February 2nd, 1938, the Grand Jury of Harlan County returned an indictment charging that on the trial of these cases Bill Helton did knowingly and falsely swear and testify that "Ben Middleton, the Republican candidate for Jailer at the November 1937 final

election, at Lynch, Kentucky, at about the hour of 11:00 o'clock A. M. on Sunday, October 31, 1937, gave him $50 in money to be used in the election." The testimony of Bill Helton shows this money was intended to be used and he used it to bribe voters in that election. Such other facts as are of importance will be stated in disposing of the alleged errors relied on for a reversal.

## The Indictment

The court overruled Helton's demurrer to this indictment. This, Helton contends, was error, and in support of this contention he says in his brief:

"The indictment * * * gave to the defendant no notice of the date, or time of the trial nor did it specify the precise time his testimony was given of which the prosecution complains. * * * There should be a more definite time fixed by allegations in the indictment so as to put the defendant upon notice of the exact time, so he could check the record, and see if the alleged actions were pending at the time that it is claimed this false testimony was given."

The court did not err in overruling the demurrer to this indictment, but the accused is often entitled to other and further information to enable him to make his defense to an indictment that is good on demurrer. See instances set out in 31 C. J. p. 750, section 398 et seq. The way to get this information is by a motion for a bill of particulars. See above section of C. J. and Hopper v. Com., 250 Ky. 405, 63 S. W. (2d) 467; Tartar v. Com., 274 Ky. 109, 118 S. W. (2d) 190; Bass v. Com., 222 Ky. 310, 300 S. W. 866; Milburn v. Com., 204 Ky. 691, 265 S. W. 25; Overstreet v. Com., 147 Ky. 471, 144 S. W. 751; Bailey v. Com., 130 Ky. 301, 113 S. W. 140; Com. v. Chesapeake & O. R. Co., 128 Ky. 749, 110 S. W. 253, 33 Ky. Law Rep. 92; Head v. Com., 165 Ky. 339, 176 S. W. 1162; and other cases cited in those opinions.

## Motion for Directed Acquittal

At the conclusion of the evidence Helton moved the court to direct the jury to acquit him. In support of this motion he says in his brief:

"There is no legal evidence offered by any witness in this case to establish or which did establish that the cases, in which it is alleged the appellant falsely

testified were judicially pending or pending at all for trial before Special Judge, Sanders E. Clay."

He cites the cases of Goslin v. Com., 121 Ky. 698, 90 S. W. 223, 28 Ky. Law Rep. 683; and Partin v. Com., 154 Ky. 701, 159 S. W. 542. From the opinion in the Goslin Case we find that this occurred on that trial:

"The trial court allowed the commonwealth to prove that the prosecution before the county judge was pending when he administered the oath to the accused. We think that the rule of evidence that a fact shown by a public record must be proved by the record applies. There was, of necessity, a record of the trial. It would have shown the offense charged, and that the prosecution was pending when the oath which is the subject of this inquiry was administered and the testimony was given. The record would not necessarily show that appellant was sworn as a witness, and that fact, therefore, may be shown by other evidence. But the record would prove the jurisdiction of the court to administer the oath and require the testimony in that proceeding."

That is very different from what occurred on this trial. The commonwealth in this case introduced O. M. Hoskins, who, after being duly sworn, testified that he was the clerk of the Harlan Circuit Court, that he had custody of the judicial records of that court and had with him and exhibited the records of that court concerning the trial of these election contest cases, that there was in Order Book No. 39, page 460 an order showing the trial of these cases and he was directed to and did read to the jury that order. Helton does not contend that this order was not correctly read, that it does not show all these things which he says above were not shown, but his contention is, that this was not the proper way to prove that order and he insists that that order should have been proven by an authenticated copy of it as provided by section 1627 of the Kentucky Statutes. The existence of this order and its contents could have been proven in the way Mr. Helton contends but the mere fact that the Statute provides that it could be proven by a copy of it does not mean that the original record can not be received in evidence. When the clerk produced this original record, gave the book and page and read the order there found, that was an introduc-

tion of this record in evidence. See Com. v. Dorr, 216 Mass. 314, 103 N. E. 902, also 16 C. J. p. 837, section 2160. Having the clerk read this order was one way of presenting it to the jury, and while the statute says a copy could have been used that does not mean that the original is inadmissible. From the opinion in the Goslin Case it appears that the procedure in this case was quite different from the procedure there, for it does not appear in the Goslin Case the record was produced and read to the jury, hence we find that there is no merit in this contention.

## The Instruction

Helton is complaining of the instructions given by the court because of the omission therefrom as he says of the requirement that he should not be convicted unless his guilt be established from the evidence to the exclusion of a reasonable doubt. In order to show exactly his contention we give here a copy of the instructions given and have inserted in italics in three places certain words therein, the omission of which he contends made the instructions erroneous.

"(1) If you shall believe from the evidence in this case to the exclusion of a reasonable doubt, that the defendant, Bill Helton, in Harlan County, Kentucky, and before the finding of this indictment, did unlawfully, feloniously, and maliciously depose and give in evidence that which was false and untrue in four consolidated cases being tried together under the style of Clinton C. Ball vs. Herbert C. Cawood, about a matter pertinent to the issues in the cases on trial, and being tried before Hon. Sanders E. Clay, Special Judge of the Harlan Circuit Court, who had authority to administer an oath, and who did swear the defendant Bill Helton before he testified, and if you shall further believe *from the evidence in this case to the exclusion of a reasonable doubt,* that the said Bill Helton did then and there knowingly and falsely swear, and testify that Ben Middleton, the Republican Candidate for Jailer at the November 1937 final election, did at Lynch, Kentucky, at the hour of eleven o'clock A. M. on Sunday, October 31st 1937, give him $50.00 in money to be used in the election, and if you shall further believe that said statements was false and untrue and known by Bill Helton at that time to be

false and untrue, when so made, and that Ben Middleton did not give him $50.00 at the time or place testified to by Bill Helton, and if you shall further believe *from the evidence in this case to the exclusion of a reasonable doubt,* that Ben Middleton was not in Lynch at the time or at the place testified to by Bill Helton, then it will be your duty to find the defendant Bill Helton guilty as charged in the indictment and fix his punishment at confinement in the State Penitentiary for a period of not less than one nor more than five years in the discretion of the jury and according to the proof.

"(2) The jury should find the defendant, Bill Helton, not guilty, unless it believes *from the evidence in this case to the exclusion of a reasonable doubt,* that he has been proven to be guilty by the testimony of two witnesses, or one witness and strong corroborating circumstances.

"(3) If upon the whole case the jury shall entertain from all the evidence a reasonable doubt of the defendant having been proven guilty, you will find him not guilty."

It will be observed that in the very outset of instruction No. 1, the court required that in order to convict the defendant the jury shall believe "from the evidence to the exclusion of a reasonable doubt," etc. Helton contends that this expression should have been repeated at two other places in that first instruction and should have been inserted in the second instruction. We have often written that all the instructions taken together constitute the law of the case and in this case the third instruction certainly cured the error, if any, that was made by the omission of these italicized words in the first and second instructions.

Judgment affirmed.