## Johnson et al. v. Commonwealth.

Sept. 25, 1945.

462

H. L. Rudd for appellants.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellants, Oscar Johnson, Ramey Allen, and Floyd Reece, were convicted of the crime of chicken stealing, a crime denounced by subsection 4 of section 433.250, KRS. The punishment of each was fixed at confinement in the penitentiary for a term of two years. Reversal of the judgment is sought on the ground that the indictment is defective in that it fails to describe with sufficient particularity the property charged to have been stolen, and the further ground that the instructions are erroneous.

The indictment charged that the defendants unlawfully, willfully, and feloniously took, stole, and carried away "one lot of chickens, the personal property of Jesse Fields, of the value of two and fifty ($2.50) Dollars, which said chickens were then and there in the possession of the said Jesse Fields and without the consent of the owner thereof, with the felonious and malicious intent to then and there convert same to their own use and to permanently deprive the owner of his property rights therein." It is argued that the stolen property should have been described more fully, but, even if it be conceded that the argument is sound, it is too late now to raise the question. The indictment states a public offense. Its sufficiency was not questioned in the trial court by demurrer or in any other manner, and the question cannot be raised for the first time in this court. Tartar v. Commonwealth, 274 Ky. 109, 118 S. W. 2d 190; Moore v. Commonwealth, 266 Ky. 514, 99 S. W. 2d 715; Hopper v. Commonwealth, 250 Ky. 405, 63 S. W. 2d 467; Cheek v. Commonwealth, 162 Ky. 56, 171 S. W. 998.

The only complaint of the instructions in the motion

for a new trial is the statement that the court erred in failing to give a peremptory instruction to find the defendants not guilty. It is argued in brief that the court erred in failing to give an instruction under section 241 of the Criminal Code of Practice, which provides that a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and in failing to instruct under section 240 of the Criminal Code of Practice, which provides that the confession of a defendant, unless made in open court, will not warrant a conviction unless accompanied with other proof that such an offense was committed. These alleged errors were not referred to either specifically or generally in the motion and grounds for a new trial, and appellants cannot avail themselves of them now, Quisenberry v. Commonwealth, 299 Ky. 390, 185 S. W. 2d 669, but if the question had been properly raised we would be compelled to hold that both of the contentions now made are without merit. Each of the defendants testified for himself and the other defendants, and none of them testified to any fact tending to incriminate the others. All of them told on the witness stand the same improbable story. An instruction under section 241 of the Criminal Code of Practice is not required where the accomplice is produced by the defendant as his witness. Campbell v. Commonwealth, 234 Ky. 552, 28 S. W. 2d 790. An instruction under section 240 of the Criminal Code likewise was unnecessary, since it was clearly established by other evidence, independent of the proof of the alleged confession, that such an offense was committed. Gilliam v. Commonwealth, 263 Ky. 342, 92 S. W. 2d 346. There is no serious contention that the evidence is not sufficient to sustain the verdict. The penalty imposed is severe, but the guilt of appellants was established beyond any doubt, and we find no error justifying reversal of the judgment.

The judgment is affirmed.