### Osborne v. Commonwealth.

(Decided October 1, 1926.)

## Appeal from Harlan Circuit Court.

1.  Criminal Law.—Failure of court to admonish jury as to purposes for which impeaching testimony was received held not reversible error, in absence of objection to such testimony or request for admonition.

2. **Criminal Law.**—New trial will not be granted on ground of newly discovered evidence which is only cumulative.

3. **Criminal Law.**—Newly discovered evidence, consisting of testimony of two witnesses who saw the difficulty, held cumulative only and not ground for new trial in homicide case.

4. **Criminal Law.**—To warrant new trial on ground of newly discovered evidence, it must be such as to have a decisive influence against evidence to be overthrown by it, and must have been diligently sought by defendant before trial.

W. A. BROCK and J. S. FORESTER for appellant.

FRANK E. DAUGHERTY, Attorney General, and JAMES S. GOLDEN for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

About 7:30 p. m., July 4, 1924, near the outskirts of the city of Harlan, Otto Wilson was shot to death by Elmer Osborne, who upon trial for murder, was found guilty of manslaughter, and his punishment fixed at 21 years in the penitentiary. The evidence discloses that the defendant had met on the roadside in the gloaming, two women of unenviable reputation. He was talking with one of these when an automobile drove up and stopped. From it alighted the deceased, and he started in the direction of his home. The defendant called him and asked him where he was going. Deceased said he was going home. Osborne said, "You are a liar." One word brought on another and soon the language became too vile and insulting for publication. Presently defendant drew his pistol and shot deceased five times. He claims to have done this in his necessary self-defense, and that deceased was endeavoring to strike him with a knife. The evidence for the Commonwealth shows that deceased was left-handed, was unarmed and that at the very beginning of the difficulty, these two women ran away. The evidence for the defendant is that the deceased had a knife in his right hand, and the evidence of one of these women is that she picked up a knife near the body of deceased after he fell.

To break the effect of the evidence of this woman, the Commonwealth in its cross-examination, asked her about making certain statements to Mrs. Bessie Unthank and Mrs. Henry Wilson, that contradicted her statements on the stand. She denied making them. The Commonwealth then called Mrs. Unthank and Mrs. Wilson, and proved by them that the witnes did make such

conflicting statements. At the close of Mrs. Unthank's evidence the court admonished the jury of the purpose for which her evidence was admitted, but failed to do so at the close of Mrs. Wilson's evidence, and this is the chief thing of which defendant is complaining. At the time Mrs. Wilson testified, he interposed no objection to her evidence, did not ask for its exclusion, or that the jury be admonished concerning the purpose for which it was admitted, and it is settled in this state that where that is not done, the matter is waived. This was thoroughly discussed and definitely settled in the case of McDaniel v. Commonwealth, 185 Ky. 608, 215 S. W. 544. See also Anderson v. Commonwealth, 205 Ky. 369, 265 S. W. 824; Young v. Commonwealth, 214 Ky. 475, 283 S. W. 431.

His next contention is that he should have a new trial because since the trial he has discovered two witnesses whose affidavits he filed, and who would say that they saw the difficulty and that they saw the man fall near a woman, who was standing there; but these witnesses do not say in their affidavits who the woman was, that she picked up anything from the ground, or in any other way support her evidence. More than a dozen witnesses testified on this subject for the Commonwealth and four or five for defendant, so this evidence could only be cumulative if it were in fact material, and we have often written that a new trial will not be granted because of newly discovered evidence where it is only cumulative. May v. Commonwealth, 153 Ky. 141, 154 S. W. 1074; Jones v. Commonwealth, 158 Ky. 533, 165 S. W. 673; Sizemore v. Commonwealth, 189 Ky. 46, 224 S. W. 637. To authorize a reversal because of the discovery of the evidence of some new witness, this evidence must have about it some element of newness, must not be merely cumulative; it should be of such convincing character that it would have a decisive influence on and against the evidence to be overthrown by it, and the defendant's affidavit supporting his motion must show that he used diligent efforts to discover these witnesses before the trial, and was unable to do so. In this case, the affidavits of these two witnesses show that they were sitting in an automobile on the roadside at the time of and near the scene of the shooting. The record is full of references to this automobile, and defendant ought to have used some diligence to find out who was in it, and what they knew.

The judgment is affirmed.