## WILSON v. COMMONWEALTH.

Court of Appeals of Kentucky.
Dec. 5, 1952.

Charles R. Richardson and Stokes A. Baird, Munfordville, Rodes K. Myers, Bowling Green, for appellant.

J. D. Buckman, Jr., Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., for appellee.

CAMMACK, Chief Justice.

Otis Wilson was sentenced to two years in prison for maliciously shooting and wounding Edgar Shirley. He is seeking a reversal of the judgment on the grounds that (1) a peremptory instruction should have been granted in his favor; (2) he was entitled to a new trial on the ground of newly discovered evidence; and (3) the verdict was not signed by a member of the jury.

Both of the parties are Negroes. Wilson operates a restaurant in Horse Cave. He also manages a Negro baseball team. Wilson's team was scheduled to play the Nashville All Stars on the Sunday of the shooting. However, another Nashville team played the game. Shortly before noon, Shirley made a bet with Wilson that the All Stars would win. When Shirley discovered that the All Stars were not playing, he attempted unsuccessfully to get his money back. Wilson said that Shirley told him he would get it back after the game. Shirley was at the restaurant when Wilson returned following the game, which his team won. There were between 50 and 60 persons in the restaurant, which was described as "a little old small place," about 20 feet by 30 feet. Shirley approached Wilson and asked for his money. He said Wilson swore at him and said he was not going to give it back. There was testimony that Wilson said, "Do you really want it back?" and then picked up a gun and started firing at Shirley. Some of the witnesses said three shots were fired, but Wilson said he fired only twice. One shot struck Shirley in the wrist. Wilson's story was that he fired the second shot at Shirley as he was reaching his hand in his pocket. Immediately after the shooting, Shirley, who was unarmed, was taken from the restaurant. There was evidence that Shirley had been drinking.

It seems clear to us that the case was one for the jury. Even though Shirley's conduct at the ball game be construed as a threat, it was for the jury to determine whether Wilson was justified in shooting him when he asked for the money in the restaurant.

In support of his motion for a new trial on the ground of newly discovered evidence, Wilson said that Cecil Tobin would now testify he was present at the ball game and heard Shirley, who was drinking, talking in a loud and angry voice when he was demanding the return of his money. Wilson said also that Leon Page would now testify that he was in the restaurant at the time of the shooting and heard Shirley ask for his money and heard Wilson tell him he had lost it in the bet and that Shirley then took a step toward Wilson, who picked up his gun and started shooting. The evidence of neither Tobin nor Page contributed anything new to the case. Nor was it shown that due diligence had been exercised to produce these witnesses before the trial. Certainly Wilson could have obtained an eyewitness to the shooting when it is considered how many people were in the small restaurant at that time. The alleged newly discovered evidence would have no decisive influence on the case. Therefore, the trial court properly refused to grant a new trial on the ground of newly discovered evidence. Osborne v. Commonwealth, 215 Ky. 748, 286 S.W. 1068.

The case of Tartar v. Commonwealth, 274 Ky. 109, 118 S.W.2d 190, is conclusive on the question of the verdict not being signed by a member of the jury when it was read to the court. We are not disposed to depart from that ruling.

Judgment affirmed.