## Hatton v. Commonwealth.

(Decided February 5, 1926.)

### Appeal from Harlan Circuit Court.

1. Indictment and Information—Indictment for False Swearing, Charging that Defendant Ran from Officers, Held Not Subject to Demurrer, or Motion to Elect, as Charging Additional Offense.— In indictment sufficiently charging crime of false swearing growing out of testimony in a liquor prosecution, statement that defendant "ran from the officers" does not charge an additional offense of escaping from officers, but is merely surplusage, and hence defendant's demurrer to indictment for duplicity and motion to elect are without merit.

2. Perjury—Prosecution for Perjury Growing Out of Testimony in Liquor Prosecution Held Proper.—One may be prosecuted for crime of perjury growing out of testimony given in case in which he was convicted of possessing liquor; the two offenses being separate and distinct.

G. J. JARVIS for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

From a judgment of conviction of the crime of false swearing, appellant brings this appeal. The facts are these: Appellant had been arrested and tried in the county court of Harlan county for the offense of unlawfully having intoxicating liquor in his possession. In that case he testified that he did not have such liquor in his possession. However, he was found guilty of the charge. He was then indicted in the Harlan circuit court for the crime of false swearing in that he had sworn on his trial in the county court that he did not have any intoxicating liquor in his possession when, in truth, he had. To this indictment appellant interposed first a demurrer, then a motion to elect, both of which were overruled. He

then went into trial. The Commonwealth clearly proved the facts as above detailed and appellant offered no testimony in his defense.

Appellant's ground for reversal is that his demurrer to the indictment and his motion to elect should have been sustained, both demurrer and motion being bottomed on the same alleged defect in the indictment. This indictment in its accusatory part charges appellant with the crime of false swearing. In its descriptive part it sets out very fully and accurately the facts constituting the offense charged. At the close of this descriptive part and just before the concluding phrase of "against the peace and dignity of the Commonwealth of Kentucky," appear these words "and ran from the officers." Appellant insists that on account of that insertion of these words the indictment charges two offenses, that of false swearing and that of escaping from the officers, and that because of this the indictment was demurrable on the ground of duplicity and subject to a motion to require the Commonwealth to elect for which of the two offenses it would prosecute the appellant. In this appellant is in error. The indictment does not charge the appellant with an escape. In its descriptive part no facts are set out which constitute such an offense. To a good indictment for the crime of false swearing are simply added these words: "And ran from the officers." It is perfectly obvious that such addition is mere surplusage. In Bailey v. Commonwealth, 130 Ky. 301, 113 S. W. 140, we said:

"If an indictment contains sufficient to stand the test of a demurrer as to all facts constituting a complete offense other charges which are not sufficiently pleaded to stand alone may be disregarded as surplusage."

To the same effect is Ratliff v. Commonwealth, 182 Ky. 246, 206 S. W. 497. As the indictment only charged appellant with the crime of false swearing and as the words "and ran from the officers" are so plainly surplusage, which must be disregarded, there is no merit in appellant's contention that his demurrer or motion to elect should have been sustained.

It is also urged that after appellant had been convicted of the offense of unlawfully having intoxicating liquor in his possession he could not be prosecuted for the crime of perjury growing out of any testimony he

gave in that case. The mere statement of this proposition carries its own refutation.

The two offenses are separate and distinct and are as dissimilar as two offenses could well be. Although appellant interposed in this case no plea of former conviction, yet had he done so, the trial court would have been compelled to disallow it. In Scalf v. Commonwealth, 195 Ky. 830, 243 S. W. 1034, the rule governing this question is thus stated:

"Many rules have been promulgated and adopted for the determination of that question in the light of the various circumstances under which it was presented, but only one of which is necessary to be considered under the facts disclosed by this record, and there is no dissent by any court, or contrariety of statement by any text writer, as to how it should be determined. It is, that 'when the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second one.' "

Applied to the facts of this case, this rule demonstrates that there is no merit in this contention of appellant even had he properly presented it.

No error appearing prejudicial to appellant's substantial rights, the judgment of the lower court is affirmed.