# Neal v. Commonwealth.

(Decided Nov. 18. 1932.)

A. M. SAMUELS and F. A. HARRISON for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant was convicted under an indictment charging him with the crime of false swearing and sentenced to a term of one year in the penitentiary. He complains that the indictment is defective and that the trial court in instructing the jury failed to give the whole law of the case.

The body of L. L. Cook was found on the railroad tracks near Williamstown, Ky., on the morning of February 12, 1931. Wounds found on the body and other circumstances caused the authorities to conclude that Cook had been murdered and his body placed on the track. The county judge held a court of inquiry for the purpose of ascertaining the cause of Cook's death and, if it developed that a murder had been committed, to ascertain if possible, the identity of the murderer. A number of persons, including appellant, who had been at Red Mitchell's restaurant in Williamstown with the deceased on the night he was killed, were summoned

as witnesses. Appellant was sworn by the county judge and questioned in regard to who was present at the restaurant on the night in question and the character of their conduct. He was asked whether or not he and the others with him were drinking or gambling on that occasion. He answered that neither he nor any of the others present were drinking or gambling, but that some of those present were playing cards for amusement. Others who were present at the restaurant on the night Cook was killed testified that Cook and all the other persons present, including appellant, were drinking intoxicating liquor and were playing with cards and dice for money. Appellant later admitted that he was drunk on that occasion and that he and the others were gambling.

The indictment charged, in substance, that the accused testified under oath that no gambling of any kind was engaged in by any one and that none of those present were under the influence of intoxicating liquor; whereas, in truth and in fact Neal and the others then and there present were under the influence of intoxicating liquor, and that gambling games on which money was bet, won, and lost were conducted in which he and the others engaged.

It is first insisted that the indictment is defective in failing to describe with more particularity the alleged gambling games. This criticism would be sound if appellant had been indicted for gambling. Here it was immaterial what kind of gambling was being engaged in. The purpose of the inquiry was to ascertain the facts and circumstances surrounding the death of Cook, and the conduct of Cook and his associates just before he was killed was a relevant matter. Whether or not Cook and the others present were drinking and gambling were circumstances that might throw some light on the cause of Cook's death; but the kind of gambling in which they engaged could have no possible bearing upon the inquiry. The indictment charged that appellant falsely swore that at the time and place mentioned therein none of the persons present were gambling. The facts as alleged apprised the accused with reasonable certainty of the particular offense of which he was charged.

The indictment concludes with this statement: "He did make such statements under oath with intent to

commit a fraud and defeat the ends of justice contrary to the form of the statute, etc.," and it is argued that this renders the indictment duplicitous. The indictment does not charge two offenses. Facts sufficient to constitute the offense of obstructing justice, or any offense other than false swearing, are not alleged and the quoted words are merely surplusage and do not render the indictment defective. Hatton v. Commonwealth, 212 Ky. 811, 280 S. W. 103.

It is finally argued that the court failed to give to the jury an instruction setting out appellant's theory of the case as shown by the proof. Appellant testified that he was asked on the occasion when he testified before the court of inquiry if he was drinking, and he answered that he was, but that he was not asked if he was drunk. He also testified that he was not asked on that occasion if there was any gambling at the restaurant on the night Cook was killed. Instruction No. 1 given by the court is as follows:

"If the jury believe from the evidence in this case beyond a reasonable doubt that in Grant County, Kentucky, on the 13th day of February, 1931, and before the finding of the indictment herein, the defendant, John Neal, was duly sworn by G. C. Mullins, the County Judge of Grant County, in an investigation then and there pending before said County Judge in a court of inquiry for the purpose of discovering the identity of the person or persons who killed one L. L. Cook, and whom he believed to have been killed by some one, and the circumstances of said killing, to make true answers to such questions as might be asked him in said investigation, and while under said oath was asked by said officers if on the night L. L. Cook was killed, said John Neal and others there with him were drunk or gambling, stated that neither he nor any other person present at the restaurant of Red Mitchell on the night said L. L. Cook was killed, was drinking, drunk or gambling, and that all games played there were for social amusement, and that all of said statements were made under oath by said John Neal, and were false and known by him to be false at the time he so made them, and that at said time and place said John Neal was drinking and drunk and he and other persons engaged

in gambling at dice and cards at which money was bet, won and lost, you should find the defendant guilty as charged in the indictment and fix his punishment at confinement in the penitentiary for not less than one year and not more than five years, in your reasonable discretion.''

It will be noted that this instruction required the jury to believe that appellant was asked whether or not he and the others present in the restaurant were drunk or gambling and that he falsely answered in the negative, before they could convict him. This clearly presented his theory of the case, since the jury could not convict him under the instructions as given unless they believed he had been asked as to whether or not he and the others were drunk or gambling on the occasion in question.

There is evidence that appellant's reputation for veracity in the community in which he lived was good, and there is nothing in this record tending to show that he had any knowledge of the cause or manner of Cook's death. However, the questions propounded to him, and which it is charged he answered falsely, were relevant to the matter under inquiry, and if he gave false answers he is guilty of the offense charged.

We find no error prejudicial to appellant's substantial rights, and the judgment is affiirmed.