## Johnson v. Commonwealth.

Sept. 29, 1944.

Hector Johnson for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

George Preston Johnson appeals from a judgment of imprisonment for ten years upon the charge of wilfully and maliciously shooting at another without wounding him. KRS 435.170.

The sheriff of Jackson County, with several deputies, went to Johnson's home to arrest him upon two warrants. He was found hiding under a bed. The posse and prisoner sat down awhile on his porch and quenched their thirst from a bucket of water which one of the men had brought from the well. Johnson's wife came out of the house and whispered something to him. He got up and went inside, followed by Deputy Sheriffs Elihu Lakes and Preston Shepherd. He said he wanted to get a drink of water. Suddenly he sprang to a table and got a pistol lying on it and aimed it toward Lakes. Lakes grabbed and knocked it up as it was discharged twice just over his head, his hat being powder burned. Shepherd shot the pistol out of Johnson's hand by shooting his fingers. The defendant's story is that without cause the officers followed him into the room and jumped

on. him. He managed to get his pistol from the table drawer and fired in the scuffle.

The appellant's argument is without merit that the verdict is flagrantly against the evidence, or at most proves him to be guilty of the misdemeanor of shooting in sudden affray. KRS 435.180.

The defendant was charged with having been convicted of felonies on two previous occasions and it was sought to have him imprisoned for life as a habitual criminal. KRS 431.190. The clerk of the court read judgments from the original record showing the conviction of one George P. Johnson in January, 1927, of maliciously shooting at another with intent to kill, and in January, 1936, of maliciously shooting and wounding another. The clerk did not definitely identify the defendant as the same man. Three men who served on one or the other of the two former juries identified him as the defendant in all the cases.

The appellant argues that it was incompetent for the clerk to read the orders or to have purported to do so; that the record book should have been submitted to the jurors that they might themselves read the orders. In the exercise of their discretion, the jury did not impose the heavier penalty of life imprisonment because of the previous convictions. Whether in such circumstances the presentation of the previous record in an improper manner would be regarded as prejudicial or not we need not say, for this manner of proving the record is the conventional and a proper one. The original record of the judgment is the highest character of evidence and it is properly proved by its production by the legal custodian thereof. No objection was raised to the clerk reading the record without exhibiting it to the jury and no motion made that it should be so exhibited. It is not to be presumed that the officer did not read it correctly; hence the contention that the manner of proof was itself improper cannot be sustained.

Nor is there merit in the argument that the testimony of the three former jurors should be considered the same as evidence concerning the defendant's reputation so as to call for an admonition sua sponte of its particular purpose. The testimony was confined to the one point of identification and an admonition would have been superfluous.

The judgment is affirmed.