## Stodghill v. Commonwealth.

September 26, 1947.

K. S. Alcorn, Judge.

T. J. Underwood for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The grand jury of Garrard County returned an indictment against John Thomas Stodghill charging him with the crime of murder. The indictment also charged him under the habitual criminal act, KRS 431.190, with having been convicted successively of two previous felonies, one in 1922 for housebreaking and again in 1943 for knowingly receiving stolen property. The jury found him guilty of voluntary manslaughter, and fixed his punishment at confinement in the penitentiary for a term of twenty-one years. On this appeal he seeks a reversal

of the judgment on three grounds: (1) His former convictions were not established by competent evidence; (2) the court erred in permitting the jury to separate during the trial of the case; and (3) the demurrer to the indictment should have been sustained.

Appellant shot and killed Harold Curtis on September 15, 1946. Appellant worked in a restaurant in Lancaster, Kentucky. Curtis entered the restaurant and ordered a sandwich. Appellant was behind the counter. According to the weight of the evidence, Curtis was boisterous, apparently under the influence of liquor, and used profane and vulgar language in the presence of a number of patrons of the restaurant. Robert Wearren, proprietor of the restaurant, ordered Curtis to leave. Curtis started toward the door, but turned and said he was not going out. He then addressed his remarks to appellant, and, in substance, threatened to whip him if he came outside the restaurant. Thereupon appellant seized a rifle hanging on the wall and shot Curtis. According to a number of eyewitnesses, Curtis was standing twelve or fifteen feet from appellant and was making no demonstration. He was in his shirt sleeves and was unarmed.

It is appellant's contention that the two former convictions were not established by competent evidence, and Blair v. Commonwealth, 171 Ky. 319, 188 S. W. 390, is cited. The Commonwealth introduced the clerk of the Boyle Circuit Court, who produced the records of the former trials. He testified that appellant had been indicted, tried and convicted of the two crimes set out in the indictment, and that the judgments had not been appealed from or set aside. Appellant admitted on cross-examination that he had been tried and convicted of the two felonies referred to in the indictment, and had served two terms of imprisonment. As pointed out in Dunnington v. Commonwealth, 231 Ky. 327, 21 S. W. 2d 471, the evidence of a former conviction may be limited to the verdict and judgment of conviction, and the sentence, if they show the essential facts. Here, the evidence was competent, but in no event could it have been prejudicial since appellant was not convicted under the habitual criminal charge.

During the trial, the presiding judge called the at-

torneys for the Commonwealth and the accused to the bench and asked if they would agree to a separation of the jury during the noon recess. The attorneys agreed. It is now contended that this action by the trial judge was prejudicially erroneous, and Anderson v. Commonwealth, 302 Ky. 275, 194 S. W. 2d 530, is cited. In the Anderson case the trial judge requested the attorneys, in the presence and within the hearing of the jury, to agree to a separation. The accused was given the death penalty. In the present case it appears that the consultation between the trial judge and the attorneys was out of the hearing of the jury. The attorney for the accused could have declined at that time to agree to a separation without the matter being called to the attention of the jury. In Tunget v. Commonwealth, 303 Ky. 834, 198 S. W. 2d 785, the accused was given the death penalty. The jury was permitted to separate during the trial by agreement of the attorney for the Commonwealth and the attorney for the accused. The agreement was made out of the hearing of the jury after the attorneys had been called to the bench by the trial judge, and it was held that the rights of the accused had not been prejudiced. Furthermore appellant was convicted of voluntary manslaughter, a crime, during the trial of which, under section 244 of the Criminal Code of Practice, a jury may be permitted to separate without the agreement of attorneys, and consequently no prejudice resulted. Joseph v. Commonwealth, 303 Ky. 712, 199 S. W. 2d 135.

Appellant finally contends that the indictment is duplicitous in that it charges murder and also a violation of the habitual criminal statute, and the demurrer thereto should have been sustained. The question was decided adversely to appellant's contention in the recent cases of Elliott v. Commonwealth, 290 Ky. 502, 161 S. W. 2d 633, and Smiddy v. Commonwealth, 287 Ky. 276, 152 S. W. 2d 949.

Judgment is affirmed.