Kenneth MORTON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 2, 1955.

Robin Griffin, Lexington, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

HOGG, Judge.

Kenneth Morton was convicted of committing an assault with an offensive weapon with intent to rob, and his punishment was fixed at life confinement in the state penitentiary. He appeals from the judgment. His grounds for reversal are: (1) the court erred when, in the presence and hearing of the jury, the court asked the attorney for appellant if he had any objection to the jury separating during the lunch hour; (2) the court erred in permitting the jury to separate and mingle with others in the courthouse during a five-minute recess; (3) the court erred by not placing the jury in the custody of the sheriff during recess time and by not administering the oath to the sheriff as required by law; (4) the court erred in not setting aside the swearing of the jury because of a public officer's statement to appellant's attorney in the presence of two of the jurors; (5) the court erred in failing to instruct the jury as to the meaning of the word "assault," as used in the instructions; and (6) the Commonwealth's Attorney committed prejudicial error in his closing argument to the jury.

The Court has reached the conclusion that the judgment must be reversed because of ground (1). Therefore, it is deemed unnecessary to pass upon the other alleged errors, except No. (5), because ordinarily they would not occur upon another trial.

Appellant and accomplice went into a liquor store in Lexington on the night of April 1, 1954, and at gun point forced the clerk of the store to yield the money in the cash register to appellant. As the men left the liquor store, policemen driving by saw them, whereupon appellant and his associate started to run. Appellant got into a taxicab in the vicinity. He later got out of the cab and attempted to catch a bus but there was no bus. Later he was arrested and identified as the robber by the liquor store clerk, as well as by the taxicab driver who picked him up near the scene of the crime. Essentially, the facts are not in dispute, and the sufficiency of the evidence is not questioned.

Shortly after the trial started, the court ordered a five-minute recess. The jury was not placed under guard during the recess, and the members were permitted to separate. The trial was resumed and testimony was heard until time for the lunch hour. It was then that the court, in the presence of the jury, asked the attorney for appellant if he had "any objection to the jury separating for lunch." The attorney replied that he had no objection, and the jury was allowed to separate from noon until 1:30 p. m., at which time court reconvened.

It is provided by subsection (2) of section 244 of the Criminal Code of Practice as follows:

"On the trial of crimes which are or may be punished capitally or by life imprisonment the jurors, before the case is submitted to them, may be permitted to separate by agreement of the attorney for the Commonwealth and the attorney for the defendant, with the approval of the trial judge, which shall be in open court and entered of record; provided the consent or approval may be withdrawn before any recess or adjournment of court."

It is the abuse of the discretion given to the judge by the above-quoted subsection of which appellant complains. The uncontroverted affidavits filed by appellant show that the judge made the following statement in open court when time came for the lunch recess: "Mr. Griffin, you don't have any objection to the jury separating for lunch do you?" The attorney answered in the negative. This question was asked and the answer was made in the presence and hearing of the jury.

We have held in numerous cases that it is reversible error to ask a defendant's attorney, in the presence of the jury, if he has any objection to the jury separating. The leading case is Anderson v. Commonwealth, 302 Ky. 275, 194 S.W.2d 530, 534. In that case, upon the approach of the noon hour, the court, in the presence of the jury, asked: " 'Is there any objection to the jury, and do you agree, that the jury may separate as you did yesterday?' " Counsel on both sides agreed that the jury might separate. In the course of the opinion we said:

"* * * We think it improper for the court, in the presence of the jury, to put counsel in the position of having to agree or object to the separation of the jury. The section above quoted puts counsel in no such position. More especially is that true when he is required to do so to the knowledge of the jury who might interpret it as antagonism to the jury. As suggested in the brief for the appellant, under the circumstances, all counsel could do was to take the course and follow the suggestion of the court, 'smile and undertake to make it appear that it was a pleasure to concur in the suggestion of the trial judge.' This we hold to be reversible error."

In this case, appellant's counsel was put in the same position as counsel was put in the Anderson case, in that, if he did not wish for the jury to separate, he must object and probably antagonize the jury. As was the situation in the Anderson case, counsel had no choice but to agree to the lunch period separation.

In subsequent cases we have committed ourselves to follow the rule laid down in the Anderson case. Tunget v. Commonwealth, 303 Ky. 834, 198 S.W.2d 785; Stodghill v. Commonwealth, 305 Ky. 451, 204 S.W.2d 570; Joseph v. Commonwealth, 303 Ky. 712, 199 S.W.2d 135. The Joseph case limited the applicability of the rule, and stated that the defendant was not prejudiced by such a statement when he received only a ten-year sentence. It pointed out that since appellant was convicted of voluntary manslaughter, a crime during the trial of which a jury under our Criminal Code of Practice may be permitted to separate without the agreement of the attorneys, no prejudice resulted even though the court in the presence of the jury asked counsel for defendant a similar question to the one here presented. The case at hand is one to which the rule set out in the Anderson case clearly applies because appellant's punishment was fixed at life imprisonment, and the trial court committed reversible error by asking counsel in the presence of the jury if he objected to its separation.

We also think that in the circumstances of this case the court should have defined the word "assault," as used in the instructions. True, there is some doubt as to the necessity of defining the word on the trial of a person charged with this particular crime, because if a person comes upon another in a threatening manner with an offensive weapon with the intent to rob, he thereby probably commits an assault. However, on another trial of this case the court will instruct the jury, in substance, that an assault as used in these instructions is an unlawful offer of bodily injury to another by force, or force unlawfully directed toward the person of another, under such circumstances as create a well-founded fear of immediate peril.

The judgment of the lower court is reversed.