Hoyle PENNINGTON, Appellant,

v.

COMMONWEALTH OF KENTUCKY, Appellee.

Court of Appeals of Kentucky.

Oct. 23, 1959.

**550**

Roy W. House, Pleaz William Mobley, T. T. Burchell, Manchester, for appellant.

Jo M. Ferguson, Atty. Gen., Paul E. Hayes, Asst. Atty. Gen., for appellee.

MONTGOMERY, Chief Justice.

Hoyle Pennington was indicted for cattle stealing. KRS 433.250. The second count of the indictment charged a prior felony conviction. KRS 431.190. Upon conviction, his punishment was fixed at confinement in the penitentiary for two years. The verdict is not clear as to whether he was convicted on one or both counts. He urges for reversal that: (1) No judgment is in the record; (2) the indictment is defective; (3) his motion for a directed verdict should have been sustained; and (4) the evidence as to a previous conviction is insufficient.

The record shows that the usual trial order recording the impaneling of the jury and the return of the verdict was entered. It concluded by ordering that the jury be discharged and "this cause is now passed." Four days later, an order was entered captioned "Sentence Cattle Stealing" which recited that the defendant was brought into court, informed of the nature of the charge, plea, and verdict, and was asked if he had any legal cause "to show why judgment should not now be pronounced against him." None being shown, the order recited that the appellant was sentenced to two years' confinement in the state reformatory at LaGrange.

In ordinary criminal legal parlance, judgment and sentence have the same meaning, and under our procedure, pronouncing judgment is sentencing the prisoner. Lovelace v. Commonwealth, 285 Ky. 326, 147 S.W.2d 1029. Here, the court pronounced judgment more than two days after the verdict was returned, all of which is shown by the record. Criminal Code of Practice, Section 283.

Appellant's complaint that the indictment is defective is not available on appeal for failure to preserve the error by motion for a new trial. Philpot v. Commonwealth, Ky., 247 S.W.2d 499. However, the basis for the complaint has been examined and found without merit since the indictment states the offense in the language of the statute.

Appellant complains that the trial court erred in overruling his motion for a directed verdict made at the conclusion of the testimony. It is summarized. Vernon Reece owned a calf which was taken from his premises sometime during the night of Saturday, October 4, 1958, or early Sunday morning. Upon discovering his loss the next morning, Reece examined the premises and found tracks and marks which indicated that his calf had been loaded into a car by one or more men and hauled away. Dewey Frazier's wife talked with appellant's brother Sherman at her home about two or three o'clock on Sunday morning. He identified

himself and his associates as "Sherman Pennington and the Pennington boys." Sherman came to the door of her home twice for matches, saying that they had just fixed a flat tire. She said that he spent some time on the "other side of the barn" and that there was a calf there the next morning where none had been the night before. Tire marks were found nearby.

The next day Dewey Frazier told Reece that he had his calf. The tire treads on appellant's car corresponded to the tire marks at the indicated places of loading and unloading. The back seat of appellant's car had been washed but it retained a cattle odor and calf hairs. Dewey Frazier said that on Sunday morning following the alleged theft he rode home from Webb's store in an automobile with the three Pennington boys, including appellant. Sherman Pennington said to Frazier, "We've got a nice beef here" and said, "Get a gallon of liquor and kill it (sic) eat it." Appellant's defense was in the nature of an alibi. The evidence is sufficient to support the verdict and the motion was correctly overruled.

■ The indictment in a second count charged a prior conviction. Appellant insists that the prior conviction was insufficiently proved and that he was not identified as the same Hoyle Pennington named in the prior conviction. The clerk of the Clay Circuit Court was introduced by the Commonwealth. He was identified as custodian of the records of that court and then was asked to examine the records and say "if this defendant, Hoyle Pennington, has been previously convicted?" The clerk answered in the affirmative. According to the record, he testified to the date and place of recordation of the conviction and then read the record of conviction to the jury. In Helton v. Commonwealth, 274 Ky. 697, 120 S.W.2d 245, 247, the Court said:

> "When the clerk produced this original record, gave the book and page and read the order there found, that was an introduction of this record in evidence. See Commonwealth v. Dorr, 216 Mass. 314, 103 N.E. 902, also 16 C.J. p. 837, section 2160."

Judgment affirmed.