Gordon Eugene MERCER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 30, 1959.

Rehearing Denied Jan. 29, 1960.

Frank E. Haddad, Jr., Louisville, for appellant.

Jo M. Ferguson, Atty. Gen., Paul E. Hayes, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The appeal is by Gordon Eugene Mercer from a judgment of knowingly receiving stolen property and of having been twice previously convicted of successive felonies. His punishment was fixed at life imprisonment. KRS 433.290, 431.190. The indictment by separate counts charged the accused with grand larceny and knowingly receiving stolen property. It also charged him with having been formerly convicted of two felonies, successively committed, namely, uttering forged instruments of writing.

■ The indictment described the stolen property charged to have been knowingly received by the defendant to have been "radios, electrical appliances, T-V sets and dehumidifiers, the exact description of which is unknown to the grand jurors" and as being the property of named men doing business as the Southern Supply Company. The description was with sufficient particularity and reasonable certainty to advise the accused or a person of common understanding as to the property stolen and such as would enable the court to determine what property was referred to in instructing the jury and pronouncing judgment. Criminal Code of Practice, § 122, subd. 2. The court properly overruled the demurrer to the indictment. Nor was there error in overruling an oral motion for a bill of particulars, which motion was made after the defendant had announced ready for trial. Commonwealth v. Welch, Ky., 243 S.W.2d 909.

■ On the voir dire examination an assistant Commonwealth's attorney stated that at the conclusion of the evidence the court would instruct the jury that if they believed from the evidence beyond a reasonable doubt that the defendant was guilty of the charges set forth in the indictment, it would be mandatory that the jury impose a life

sentence. Upon objection and after a colloquy, the attorney stated he would make his statement clearer and said that if the jury should find the defendant guilty of counts 1 or 2 of the indictment and find him guilty under counts 3 and 4 of having been previously convicted of two other felonies, the court would instruct them that under the law a life sentence was mandatory. An objection was overruled. The attorney then inquired if there was any member of the jury who could not "follow the law as given to you by the court and impose a life sentence." We think this statement was improper in its explicitness, but making it cannot be regarded as prejudicial.

The warehouse of the Southern Supply Company, a partnership, was broken into over Labor Day weekend of August 30–September 2, 1958, and a number of television and radio sets and other electric appliances were stolen. They were contained in unopened cartons or cardboard boxes. A panel truck belonging to the company was also taken. The models and serial numbers of the several appliances stolen were ascertained from inventories and given to the police. A witness saw the defendant, Mercer, and another man early on either Sunday or Monday morning carrying cartons (some with identifying names thereon) across a field from the warehouse to an automobile, putting the boxes in it and driving away. The next day Mercer went to the home of the witness and asked him "not to put the finger on me" because of his family. It was proved that about six or seven o'clock Sunday morning Mercer put ten or twelve cartons, some of them television boxes, in the garage of his cousin, Glenn Garner. The next day Mercer came there, and when Garner protested the boxes being in his garage, Mercer stated they belonged to somebody else who would pick them up at eleven o'clock. He promised to give Garner a television set for having used his garage for storage. On that Sunday Mercer and one Polsgrove called upon a used car dealer for the purpose of trading automobiles. Part of the agreement was that Mercer should pay $50 in cash. He returned there that afternoon and reported he couldn't raise the money and asked if the dealer could use a new television set worth $50 and was told that he probably could and for him to bring it to the car lot. Mercer had moved all the boxes from Garner's garage but one, which he told Garner was "on my car deal." On the following Tuesday a television set was delivered to the car dealer by Edward Leonard with the remark, "Here is your television set." The dealer had met Leonard through Mercer, and he had been on the used car lot that morning. The television was identified as one that had been stolen from the Southern Supply Company. No other person than Mercer had offered to deliver a television set to the car dealer.

The defendant offered no evidence.

■■ We find no merit in the contention of insufficiency of identification of the property as being that which had been stolen from the Southern Supply Company. As stated, the television set delivered to the car dealer was particularly identified by model and serial number. The evidence was that the defendant, Mercer, did have in his possession a number of cases of articles which the circumstances showed were stolen but the value thereof was not established. But the value of the one particular television set was proved. One of the owners testified that the net cost to the owners of one of such instruments was $94.50. The defendant had placed a value of $50 on the instrument, which the circumstances amply proved he had had delivered to the used car dealer. We find no merit, therefore, in the contention that the evidence was not sufficient to submit the case on the charge of having knowingly received stolen articles of the value of $20 or more.

■■ It is submitted that the proof was that the defendant, Mercer, had assisted an unidentified man in moving the stolen goods, and at least a part of them had been

delivered by the defendant to the home of his cousin. This was proof of grand larceny. Wombles v. Commonwealth, Ky., 317 S.W.2d 169. It is the law, as the appellant submits, that a thief cannot be held guilty of receiving property which he had stolen since they are distinct offenses, and a necessary ingredient of the crime is that the accused knowingly received property stolen by another person. Roberson's Kentucky Criminal Law, § 881a, p. 1101; Newton v. Commonwealth, 158 Ky. 4, 164 S.W. 108; Ellison v. Commonwealth, 190 Ky. 305, 227 S.W. 458.

Instruction No. 1 was on grand larceny. Instruction No. 2 on knowingly receiving stolen property was prefaced, "If the jury do not believe that the defendant is guilty under instruction No. 1 but believe from the evidence beyond a reasonable doubt" that he was guilty of knowingly receiving property, the jury should find him guilty of that charge. The instructions were correct. Logan v. Commonwealth, Ky., 319 S.W.2d 465. The jury chose to find the defendant guilty of the latter charge, and thereby impliedly found him not guilty of having participated in the stealing of the property. This finding, therefore, removes the case from the application of the law that one may not be both the thief and a receiver of the property he had stolen.

The former convictions of the defendant were proved by the circuit clerk, as custodian of the court records, reading to the jury the record of the prior judgments. This was a competent and proper way of proving the charge of former convictions. Johnson v. Commonwealth, 298 Ky. 222, 182 S.W.2d 656; Stodghill v. Commonwealth, 305 Ky. 451, 204 S.W.2d 570. The identity of the defendant was clearly established, as was the fact that the prior judgments had not been vacated.

The instructions submitted alternatively the charges of grand larceny and knowingly receiving stolen property and were followed by an instruction that if the jury should find the defendant guilty under either of those instructions "and" further believed it had been proven that he had been previously convicted of two other felonies (particularly and properly described), then the jury should fix his punishment at imprisonment in the penitentiary for life. This followed the approved form of instructions, but the appellant contends that it is erroneous because the instruction mandatorily required the imposition of a life sentence instead of leaving it to the discretion of the jury. We have written a number of times that the finding of previous convictions was within the discretion of the jury, but if the jury found that the defendant had been previously twice convicted, a life sentence was mandatory since that is the only penalty prescribed by the statute. Ward v. Hurst, 300 Ky. 464, 189 S.W.2d 594; Hamm v. Commonwealth, Ky., 300 S.W.2d 562; Tuttle v. Commonwealth, Ky., 331 S.W.2d 891; Pennington v. Commonwealth, Ky., 328 S.W.2d 549. These instructions left it to the discretion of the jury whether they would find the defendant guilty only of one or the other of the principal or particular crimes charged or whether they would find him also to have been previously convicted. There is no error in the instructions.

We find no merit in the argument that the prosecuting attorney indulged in inflammatory argument to the defendant's prejudice.

The judgment is affirmed.