**George SARVER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 2, 1968.

Whyane C. Priest, Jr., Robert D. Simmons, Bowling Green, for appellant.

Robert Matthews, Atty. Gen., Frankfort, Morris Lowe, Commonwealth Atty., Bowling Green, for appellee.

CULLEN, Commissioner.

George Sarver appeals from a judgment sentencing him to life imprisonment under the habitual criminal law, pursuant to a verdict finding him guilty of grand larceny and finding that he twice had been convicted previously of felonies. Some of his grounds of error relate to the trial of the

immediate offense and some to the matter of previous convictions.

Sarver was charged with having stolen a truck load of beer. Upon information received from one Carl Arnold the police had searched a residence occupied by Sarver and one Priscilla Alexander and had found 99 cases of the beer. Sarver's explanation was that Arnold had brought the beer to the residence in an automobile and had asked Sarver to keep the beer for him. However, Arnold testified on the trial that he and Sarver stole the beer.

■ Sarver's first contention is that he was entitled to an instruction under RCr 9.62 on the necessity of corroboration of the testimony of the accomplice, Arnold. The contention is not valid because the presence of the stolen beer in Sarver's possession was sufficient corroboration. Bowling v. Commonwealth, Ky., 286 S.W. 2d 889. The fact that Sarver denied participation in the theft did not destroy the corroborative weight of the inference of guilt arising from his possession of the beer.

■ Next, it is contended that evidence as to the beer found in Sarver's place of residence should not have been admitted because the beer was discovered by an illegal search. Evidence taken on a hearing in chambers showed that Priscilla Alexander "paid the rent" on the residence and professed to have dominion over it, and that she freely consented to the search. Sarver testified on the hearing and did not claim control of the residence nor did he deny that Priscilla had consented to the search. Under these facts the search with Priscilla's consent was valid. 47 Am.Jur., Searches and Seizures, 1967 Supplement, pp. 85, 86; Annotation, 31 A.L.R.2d 1981; Gray v. Commonwealth, 198 Ky. 610, 249 S.W. 769; Morris v. Commonwealth, 306 Ky. 349, 208 S.W.2d 58. Furthermore, Sarver was arrested upon reasonable grounds (Arnold's statement implicating Sarver) before the search was completed,

which arrest authorized a search incident thereto. See Wilson v. Commonwealth, Ky., 258 S.W.2d 497; Annotation, 89 A.L. R.2d 780.

■ A third contention is that the trial court erred in overruling appellant's request for an admonition that the jury was not a law-enforcement agency, which admonition was claimed to be necessary by reason of a statement by the prosecuting attorney, in his closing argument, that: "as you sleep there is little to protect your property except the law which is the jury and these good officers whose only interest is in protecting your property. They have done their part. It is now up to you." In our opinion the statement was within the scope of proper argument and no admonition was required. See McGee v. Commonwealth, Ky., 395 S.W.2d 378; Breckinridge v. Commonwealth, 97 Ky. 267, 30 S. W.2d 634.

■ As his next point appellant argues that there was no proper proof of his prior convictions and therefore he should have had a directed verdict on the habitual criminal charge. He maintains that the record books showing the prior convictions had to be "introduced in evidence" in the form of exhibits, and that the mere reading of the records by the clerk, from the record books, was not sufficient. We think that the reading from the record books was a sufficient "introduction in evidence," under the holdings in Helton v. Commonwealth, 274 Ky. 697, 120 S.W.2d 245, and Johnson v. Commonwealth, 298 Ky. 222, 182 S.W.2d 656.

■ Finally, it is contended that the trial court erred in not admonishing or instructing the jury that evidence of the prior convictions was not to be considered in determining guilt or innocence of the immediate offense being tried. It is a sufficient answer that appellant did not request such an admonition or instruction and did not raise the question in a motion for new trial (no motion for new trial was

made). See Hartsock v. Commonwealth, Ky., 382 S.W.2d 861.

The judgment is affirmed.

All concur.