**857**

Ernest Lee JOHNSON, alias Lucky Johnson, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 16, 1968.

Rehearing Denied June 14, 1968.

Wesley Bowen, Newport, for appellant.

Robert Matthews, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Judge.

Appellant was convicted on an indictment which charged him with violation of the housebreaking statute, KRS 433.180, and the habitual criminal statute, KRS 431.190. He was sentenced to six years' imprisonment.

Appellant raises five questions. The first two questions were combined by the parties, and we will combine them here. They are that the court erred in overruling appellant's motion for a peremptory instruction of "not guilty" at the conclusion of the Commonwealth's evidence, and that the verdict is so palpably against the weight of the evidence as to require a reversal of the judgment.

A review of the evidence shows that these first two arguments are not suf-

ficient for reversal. The housebreaking occurred between 4:30 p. m. and 9 p. m. when none of the occupants of the house were there. Appellant was seen driving into the driveway of the house about 7:30 p. m., at which time he let another person out of the car. Appellant lived twelve to eighteen miles away in Ohio, and he did not know anyone who lived in the house. He was again observed in the driveway of the house getting into his car about 8:15 p. m. When the local reserve police officer turned his headlights upon appellant's car, he drove away at a high rate of speed. The officer chased him but could not catch him. When appellant was first seen in the driveway, the lights in the house were off. The second time he was seen they were on. The same automobile appellant owned and was observed driving was seen at his home later that same night.

Five days later, the victim of the theft was offered the return of the jewelry that was stolen if she would leave $3,000 in a certain telephone booth. Appellant was then observed watching the telephone booth at the time the money was supposed to be left in it. The victim was then notified that the money was to be left in another telephone booth. When appellant approached the second telephone booth a disinterested person went into the booth. Appellant then went into a nearby store where he saw a detective who had previously questioned him about the housebreaking. Appellant left the area and then returned an hour and a half later.

Appellant argues that this is circumstantial evidence which creates no more than a suspicion that he was involved in the crime. The test for the sufficiency of such evidence was recently restated in Cissell v. Commonwealth, Ky., 419 S.W.2d 555, 557 (1967):

"When the evidence, even though it be circumstantial, affords fair and reasonable ground upon which the verdict of a jury might be rested, the case should go to the jury. It is only where the testimony in behalf of the commonwealth fails to incriminate the accused, or is wholly insufficient to show guilt, that an accused is entitled to a peremptory instruction."

Even though the property taken was never recovered, the circumstances outlined above certainly afford reasonable grounds for a jury verdict.

■ Appellant's third argument is that the court erred when it overruled appellant's objection to the evidence concerning the trade of the jewelry for $3,000 several days after the housebreaking, because it concerned a separate, distinct and subsequent offense for which he was under indictment. This evidence was admissible, however, under the rule that "all evidence which is pertinent to the issue and tends to prove the crime charged against the accused is admissible, although it may also prove or tend to prove the commission of other crimes by him or to establish collateral facts." Smith v. Commonwealth, Ky., 366 S.W.2d 902 (1963).

Appellant's fourth argument is that the court erred when it allowed certain "hearsay" evidence. This evidence consisted of testimony by a police officer that the victim of the housebreaking had told him someone called her and offered to return her jewelry in exchange for $3,000.

■ Such evidence is not "hearsay" but rather a verbal fact. There is no attempt to prove the truth or falsity of the statement heard, and it is not prejudicial. The testimony shows only that the woman received a phone call concerning her jewelry. It does not show that the woman named appellant as the person who made the phone call or implicated him in any other way. The only connection between the phone call and appellant arose when appellant turned up at the phone booth where the caller demanded the money be placed.

Appellant's final argument is that the court erred when it admitted testimony of appellant's previous conviction without introducing the record. He contends that

there is a statutory requirement to introduce the record.

 At the trial, the chief deputy circuit court clerk read the indictment to the jury which charged appellant with a prior crime of armed robbery. She then testified that the record reflected that the defendant had been tried and convicted on the charge. This is a proper method of introducing a prior conviction. Mercer v. Commonwealth, Ky., 330 S.W.2d 734 (1960). It should be noted that appellant made only a general objection to the entire testimony of the clerk. He did not specifically object to the way the evidence was introduced, nor did he try to impeach the witness as to what the record said.

The judgment is affirmed.

All concur.