**Richard McINTYRE, Appellant,**

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

Court of Appeals of Kentucky.

May 4, 1984.

Rehearing Denied June 29, 1984.

Michael A. Wright, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., W. Bruce Cowden, Jr., Asst. Atty. Gen., Frankfort, for appellee.

Before DUNN, LESTER and McDONALD, JJ.

McDONALD, Judge:

This is an appeal of a conviction for rape in the first degree attendant with a 10-year prison sentence.

On May 11, 1982, Marlene Thornton, now Carter, was raped by Richard McIntyre, as the jury so believed. There was substantial evidence to support the conviction.

The evidence presented at trial showed that Ms. Carter was employed at a Save Mart Service Station in West Russell, Kentucky, where she worked behind the deli counter and cash register. Some time between 2:00 and 2:30 a.m., the appellant, Richard McIntyre, entered the store and told the victim to wait on others because he was deciding which kind of doughnuts to buy. Later, McIntyre grabbed the victim and said, "Go to the bathroom and don't yell." He had a knife and ordered her to undress. He then raped her despite her objections and pleas not to do so. At the first opportunity, Ms. Carter escaped from McIntyre and ran with an apron around her to the service station area where there was an outside attendant.

Descriptions of McIntyre's van-type vehicle and license number were given to the police. He was apprehended within a short period of time. The knife was found on his person when he was arrested.

McIntyre's defense at trial was that the victim all but seduced him and they had intercourse in the store's restroom; then after hearing someone in the store, she cried out, "Oh God, I'm caught," and ran from the restroom.

Although the jury conviction of McIntyre is anchored on substantial evidence in the record, all of which has not been recited herein, we conclude that substantial error was committed by the trial court requiring us to reverse the conviction and order a new trial.

McIntyre argues, and we agree, that the trial court committed reversible error when it refused to sequester the jury after they began deliberating McIntyre's guilt or innocence.

RCr 9.66, Sequestration of Jurors, provides:

Whether the jurors in any case shall be sequestered shall be within the discretion of the court, except that in the trial of a felony charge, after the case is submitted for their verdict, they *shall* be sequestered unless otherwise agreed to by the parties with approval of the court. [Emphasis ours.]

As background, after the first day of trial, McIntyre's trial counsel moved to sequester the jury. The trial court denied the motion on the grounds that he had

never sequestered a jury. Then, after the trial had been concluded, arguments given, and the jury was deliberating for some time, the trial court decided to adjourn the proceedings for that evening. McIntyre's counsel moved to sequester the jury but the motion was denied. Then the trial judge told the jury about the motion and who made it. *Cf. Morton v. Commonwealth*, Ky., 284 S.W.2d 670 (1955). The jury separated and returned for deliberation the next morning. Admonitions were given the jury upon their separation about outside influences affecting their judgment.

RCr 9.66 is clear in its mandate. It is reinforced by the dictum in the opinion of *Davidson v. Commonwealth*, Ky., 555 S.W.2d 269 (1977), wherein it is stated that sequestering of a jury in a felony trial is mandatory. It escapes us why the prosecutor did not support McIntyre's trial counsel's motion for sequestration, but instead was evidently satisfied in securing reversible error built into the trial. *See also Fletcher v. Commonwealth*, 239 Ky. 506, 39 S.W.2d 972 (1931).

The commonwealth's argument is puny. It contends that McIntyre waived his grounds for appellate review because the motion for sequestration was made late in the day and no adequate arrangements had been made to satisfactorily sequester the jury. There is nothing in the rule or the case law that supports the commonwealth's argument. Actually, it's the duty of the trial judge to see that the sequestration rule is complied with unless there is a waiver noted in the record.

We are aware of and regret the hardship this opinion will impose on the victim and others involved, but the conviction and judgment are reversed and a new trial is directed to be held.

All concur.